GEORGE W. DIDSBURY, RESPONDENT, *v.* J. WESLEY VAN TASSELL, AS SHERIFF OF DUTCHESS COUNTY, APPELLANT.

*Chapter* 30 *of* 1881 *does not prohibit the transaction of legal business — service of a summons in a suit against a sheriff for an escape — addition of "sheriff" to his name.*

The provisions of chapter 30 of the Laws of 1881 do not prohibit the commencement of actions or the transaction of legal business upon the holidays mentioned in said act.

In an action commenced against a sheriff for an escape from the jail limits the summons may be properly served on the under-sheriff, and the addition of his official title to the name of the sheriff in such an action is only by way of description, and is a superfluous addition.

APPEAL by the defendant from an order, entered in the office of the clerk of the county of Dutchess on the 14th day of January, 1890, which denied a motion to set aside the service of the summons on the grounds : First. That the service was made on December 25, 1889 (Christmas Day). Second. That service was made on the under-sheriff. Third. That there was no such firm of attorneys as appeared on the summons, and was not at the time of the commencement of the action.

*W. L. Thorn,* for the appellant.

*McCroskery & Seeger,* for the respondent.

DYKMAN, J. :

This action was commenced against the sheriff for an escape from the jail limits, and the summons was served on the under-sheriff on the 25th day of December, 1889. Thereupon a motion was made at Special Term to set aside the service because it was made on Christmas Day, which was a holiday, and on the under-sheriff instead of the sheriff. It seems also that an objection was raised against the form of the action, because it was not commenced against the sheriff individually, but even if that objection can be made available upon a motion to set aside the service, it is baseless. The action is against the sheriff individually, and the addition of his official title is only by way of description, and is a superfluous addition.

The service upon the under-sheriff was justified by the third subdivision of section 426 of the Code of Civil Procedure by the

following language: "If the action is against a sheriff for a cause specified in section 158 of this act (which this action is), by delivering it to the defendant in person or to his under-sheriff in person." * * *

The objection to the service, because it was made on Christmas Day, is based upon chapter 30 of the Laws of 1881, and the solution of the question involved depends upon the exposition of that statute, which has never been construed or expounded by the Supreme Court or Court of Appeals so far as we can ascertain, yet it is often brought forward, as it was in this case, and its consideration becomes appropriate and necessary. The title of the act is "An act to amend chapter 27 of the Laws of 1875, entitled 'An act to designate the holidays to be observed in the acceptance and payment of bills of exchange, bank checks and promissory notes,'" and the second section amends the title of the act of 1875 by adding thereto the words "and relating to the closing of public offices."

It is to be observed, generally, that no law in this State has ever interdicted the service of any legal process or the holding of any court on a holiday. Such days have heretofore been designated for certain specified purposes connected with commercial paper, and in no statute creating them have legal proceedings ever received mention. No court can be opened for the transaction of business on the day of any general or special election, or on Sunday, with some exceptions, unimportant here, and that is the extent of such inhibition in this State. Beyond those days legal proceedings are left untrammeled, and courts may be opened and litigation may be continued on any other day. Neither has the new law set up any different rule. It neither has nor professes to have any application to the courts or their operations or any judicial transactions. It embraces but one subject, and amends an act to designate the holidays to be observed in protesting of bills, checks and notes, and closing public offices, and the text of the law adheres with fidelity to the restricting phrase of the title. The first portion of section 1, as amended by chapter 289 of 1887, recapitulates certain days, including Christmas Day, and every Saturday afternoon, which "shall for all purposes whatever as regards the presenting for payment or acceptance, and of the protesting and giving notice of the dishonor of bills of exchange, bank checks and promissory notes

made after the passage of this act, be treated and considered as the first day of the week, commonly called Sunday, and as public holidays or half holidays." Then follows other provisions specifically relating to paper bills down to the insertion of a provision continuing every Saturday as a secular day down to twelve o'clock noon, unless it be a whole holiday. Then the section closes with these words: "And the days and half-days aforesaid shall be considered as the first day of the week commonly called Sunday and as public holidays or half-holidays for all purposes whatsoever as regards the transaction of business in the public offices of this State, or counties of this State." There is nothing new in this law, except the annexation of Labor Day and Saturday afternoon to the former holidays, and the purposes for which they are so set apart from secularity are specifically stated to be for purposes connected with commercial paper, and no language is employed to give the statute any broader scope or wider operation or any application to any other subject.

Then the days and half-days specified are, by the closing sentence quoted, declared to be considered as Sundays and public holidays or half-holidays for all purposes respecting the transaction of business in the public offices of this State and the counties therein.

Holidays are periods of relaxation and amusement and exemption from labor, and it was the object of the law under review to enlarge their number and provide for their enjoyment. That end was attained by considering the designated holiday as Sunday for all purposes of business in the public offices, and authorizing the protest of dishonored paper the day before. The closure of the banks and public offices was thus secured, and that released a large number of persons.

The civilians employed the latin term "*dies juridicus*" to denote the days for legal purposes or judicial proceedings, and the term "*dies non juridicus*" was used by them to designate the days in which judicial proceedings were prohibited, but, with the exception of Sunday, we have no such days, and there is no reason for their augmentation. The avenues of approach to the courts should be open on all secular days, and great inconvenience and positive loss and injury will result from their diminution. We cannot, there-

fore, impute to the legislature an intention to diminish the number of judicial days without unequivocal language expressive of such a design.

The legislature has declared this to be an act to designate the holidays to be observed in the acceptance and payment of bills of exchange, bank checks and promissory notes and relating to the closing of public offices, and no design is expressed either in the title or the text to embrace any other subject in this legislation. If the legislature entertained the purposes of abridging the days or limiting the times in which actions could be commenced in this State, it would have employed plain, unequivocal language for the accomplishment of that end.

It would have been easy to prohibit the commencement of actions and the transaction of legal business upon holidays and make them Sundays for all purposes, but it was not done, and the issuance and service of legal process remains unrestricted as it was anterior to this law, and holidays are yet juridical.

Our examination has failed to discover any case where judicial proceedings have been set aside or nullified because they were instituted, continued or terminated on a legal holiday. The defendant cannot escape from the service, and the other grounds of appeal are untenable.

The order should be affirmed, with costs and disbursements.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.