## BORNEMANN v. BISCHOFF.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. APPEAL—REVIEW—ORDER NOT APPEALED FROM.

    An order made on an attorney for the payment of money, on due notice, and not appealed from, cannot be reviewed on an appeal from a subsequent order adjudging the respondent guilty of contempt for failing to comply.

2. HOLIDAY—SERVICE OF ORDER ON.

    Laws 1895, c. 603, providing that certain days, including February 12th (Lincoln's birthday), shall, for all purposes whatever, as regards the protesting, etc., of negotiable paper, "be treated and considered as Sunday," does not make February 12th dies non juridicus, and service of an order on that day is legal.

Appeal from special term, New York county.

Application by Charles D. Bornemann to compel Franklin J. Bischoff, an attorney and counselor at law, to return and deliver to said Bornemann certain money. From an order adjudging Bischoff guilty of contempt of court, and committing him to the county jail, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

P. A. Hargous, for appellant.
Frederick A. Camp, for respondent.

INGRAHAM, J. The appellant was, by an order dated February 1, 1896, required to show cause on the 3d day of February, 1896, why he should not be compelled to return to the petitioner the sum of $4,525, paid to him, as an attorney for the petitioner, to be applied upon the purchase of certain premises which the petitioner had contracted to purchase. By the petition it appears that such sum was paid to the appellant to pay the balance due under a contract for the purchase of real estate, and that the appellant had failed and refused to pay such sum either to the vendor of the real estate or to the petitioner. That order was duly served upon the appellant, but on its return day he failed to appear, whereupon the justice before whom the motion was brought on for hearing adjourned the proceeding until February 5th. Notice of such adjournment was served by mail on the same day upon which the adjournment was granted. Upon the adjourned day the appellant again failed to appear, and the court then granted an order, after reciting the facts, by which the appellant was ordered and adjudged to pay to the petitioner, upon demand, the sum of $4,525, with interest thereon from January 15, 1896, together with $10 costs of the motion. That order was duly served upon the appellant, and a demand duly made upon him for a compliance with that order. That demand was not complied with, although the appellant wrote several letters begging for time, and promising to comply with the order. On February 20th, upon an affidavit setting forth these facts, an order was made directing that an at-

tachment issue, directing the sheriff to arrest the appellant and bring him before the court to answer for his contempt. Under that attachment the appellant was brought before the court. Interrogatories were duly exhibited, which the appellant answered, and further testimony was then taken before Mr. Justice Beekman, whereupon an order was entered adjudging the appellant guilty of contempt, in having willfully disobeyed the order of the court made on the 10th day of February, 1896, in refusing to pay any part of the money specified in said order, and fining the appellant the amount directed to be paid, and interest, and $10 costs, and directing that a warrant issue, committing the appellant to close custody in the county jail until such sum was paid, from which order the appellant appeals.

No motion was made to set aside the order of Mr. Justice Lawrence directing the appellant to pay the money, and that order stands, having been entered upon due notice to the appellant; and, the court having jurisdiction, it cannot be reviewed on this appeal That order being regular, the appellant does not allege that he has in any way complied with it, and the order directing the commitment to issue was entirely regular.

The appellant claims that the order of February 10th, directing him to pay the money, was served on him on February 12th, a legal holiday,[1] and therefore he seems to base the claim that the commitment was irregular on the fact that the order was served upon a legal holiday. February 12th is not made a day upon which service of papers is illegal, and it has been expressly held by the general term of the supreme court that service on Christmas day is legal. Didsbury v. Van Tassell, 56 Hun, 423, 10 N. Y. Supp. 32. This order of February 10, 1896, was granted upon notice to the defendant. No motion has been made to vacate that order, and it stands in full force and effect. The appellant has refused to comply with that order, or to present any excuse for his misconduct to the court, and the commitment for refusal to comply with that order was clearly regular.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

[1] Laws 1895, c. 603, amending Laws 1887, c. 289, § 1, provides that "the 12th day of February, known as Lincoln's birthday, * * * shall, for all purposes whatever as regards the presenting for payment or acceptance, and of the protesting and giving notice of the dishonor of bills of exchange, bank checks and promissory notes, made after the passage of this act, be treated and considered as the first day of the week, commonly called Sunday, and as public holidays or half holidays."