(20 Misc. Rep. 610.)

### CAREY v. REILLY.

(Supreme Court, Appellate Term.   July 1, 1897.)

HOLIDAYS—DIES NON JURIDICUS.
    The Saturday half holiday is not dies non juridicus, and does not prevent courts from continuing their sessions, and performing any judicial business which may come before them.

Appeal from Second district court.

Summary proceedings by Edward L. Carey against John Reilly. From the final order in the landlord's favor, the tenant appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

J. A. Kent, for appellant.
A. Finelite, for respondent.

McADAM, J.    A precept in summary proceedings under the statute for holding over was issued out of the Second district court on Saturday, May 1, 1897, returnable at 2 o'clock on the afternoon of that day. Upon its return the tenant appeared, and objected that

the court was without jurisdiction, for the reason that Saturday, after 12 o'clock noon, is a half holiday. The objection was overruled, and on failure of the tenant to file an answer a final order was made awarding possession of the demised premises to the landlord, pursuant to the statutory requirements. The objection is based upon the provision of chapter 289 of the Laws of 1887 (amending Laws 1875, c. 27, as amended by Laws 1881, c. 30), which makes Saturday after 12 o'clock noon a half holiday. The provision is limited in its application, however, to public offices of the state and counties of the state, and a court is not a public office with the meaning of the act. People v. Kearney, 47 Hun, 129; Didsbury v. Van Tassell, 56 Hun, 423, 10 N. Y. Supp. 32; In re Bornemann, 6 App. Div. 524, 39 N. Y. Supp. 686; Berthold v. Wallach, 14 Misc. Rep. 55, 35 N. Y. Supp. 208. The act of 1892 (chapter 681, § 41) is for the same reason inapplicable. The Saturday half holiday is not dies non juridicus, and does not prevent courts from continuing their sessions, and performing any judicial business which may come before them. The objection to the justice's jurisdiction to entertain the proceeding or proceed to final order therein was therefore without merit, and properly overruled.

Order confirmed, with costs.

BISCHOFF, J., concurs.