State vs. White.

## No. 13,269.

## THE STATE OF LOUISIANA VS. ADAM WHITE.

### SYLLABUS.

1. The leaving of the jury box by a juryman during a recess of court to take a drink of water, from a bucket on the opposite side of the court room, is not such a *separation of the jury during the trial,* as to furnish cause for reversal when the juryman was constantly in the view of a part of the jury and of the deputy sheriff in charge of the jury, and he held communication with no one after leaving and while returning to his seat.

2. The presence of the accused either at the refixing of his case for trial or at the trial of a motion for a new trial is not essential, though testimony be taken on behalf of defendant at the last mentioned trial.

3. Where the minutes of the court of the day of the trial of a criminal case commence with an entry opposite the title of the cause and in its recital of the first proceeding in the action discloses the presence of the accused in court at the time and continuing without break recites all the various steps of the trial on that day and closes with the bringing in of the verdict by the jury and ends with the words "the accused being present in court", his continuous presence in court during the proceedings referred to, and covered by the minutes, will be presumed.

4. Where the complaint urged by an accused on appeal is, not that he was in fact not present, but that the record does not disclose the fact of such presence, the Supreme Court, if in doubt as to the fact, will not upon the strength of that doubt, set aside the verdict of the jury and reverse the judgment, but will hold the case open, until by proper proceedings, the actual facts can be ascertained.

5. The fact that one of the jury commissioners who assisted in drawing the jury had not at that time taken an oath of office, is not properly brought before the Supreme Court on a motion in arrest. The oaths of the jury commissioners and the *proces verbal* of their deliberations do not form part of the record of each individual criminal cause and do not come up on appeal unless formally introduced in evidence. To establish the fact stated evidence has to be introduced, and the motion in arrest covers only objections apparent on the face of the record. Matters not properly the subject of a motion in arrest do not become such by the introduction of evidence without objection. The matter complained of should have been urged in a timely challenge to the array or motion to quash and cannot be postponed until after verdict and then presented in a motion in arrest.

A PPEAL from the Sixth Judicial District Court, Parish of Richland. *Ellis, J.*

*Milton J. Cunningham,* Attorney General, and *L. A. Thompson,* District Attorney, for Plaintiff, Appellee.

*George Wesley Smith* for Defendant, Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J. Defendant, sentenced to death under an indictment for murder, has appealed.

In an application for a new trial he unsuccessfully urged that the jury which tried him had separated during the trial; that the jury had reached their conclusion with undue haste, and without proper deliberation, in a matter involving the life and death of a fellow-being, and that this haste was due to the disagreeable and uncomfortable condition of the room which had been assigned to the jury for their deliberations, and that the jury were not warranted, under the evidence, in finding that the homicide had been committed with malice aforethought.

These grounds all involved questions of fact, which the lower court determined against the defendant.

We do not find error, in the ruling of the District Court.

The separation of the jury, charged, consisted in one of the jurymen leaving the jury box while the court was in recess, walking across the court-room and taking a drink of water from a bucket which was in that room.

It was shown that the juryman did not speak to any one either while going to, while at, or while returning from the bucket. The person in charge of the jury testified to that effect; that he saw the whole transaction, and that the juryman did not get out of his sight; that he may have got out of sight of some of his fellow-jurymen, but that he was always in sight of some of them.

We see no occasion for reversing the verdict on this ground assigned.

It is certainly the duty of a jury, acting upon a murder case, to act with the greatest care, caution and deliberation, but it would be difficult to assign any particular time within which its conclusions should be reached.

The evidence might be so direct, clear, positive and overwhelming, in a particular case as to call for no great amount of discussion.

In the case at bar, the jury were in their room for about twenty to

twenty-five minutes. Accused attempted to show that the quickness with which the verdict was reached was due to the fact of the disagreeable and uncomfortable condition of the jury room.

An investigation was gone into, without objection, as to the facts touching this complaint, the members of the jury being placed upon the stand and questioned on the subject.

Not one of the jurymen declared that his judgment was influenced in the slightest degree by the condition of the jury room.

It was in the province of the jury to determine whether the homicide was committed with malice aforethought.

The district judge having agreed with the conclusions of the jury, and refused a new trial, the matter is beyond our control.

Defendant moved in arrest of judgment.

The reasons were:

First.—That Lem Scott, one of the Jury Commissioners, was never sworn as such, and this makes the proceedings of the Jury Commissioners an absolute nullity.

Second.—The records do not show that the defendant was present during the trial, nor the refixing of the case for trial.

Third.—The prisoner was not present during the trial of his motion for a new trial, and he did not waive this right either personally or through his attorney.

The trial of this motion involved the taking of testimony, and the question of the guilt or innocence of the accused. Appellant is correct in stating that the records do not show that the accused was present either at the refixing of his case for trial of his motion for a new trial, or that on the trial of this motion testimony was taken on behalf of the defendant.

We do not think that the presence of the accused, on either of those occasions, was essential. State vs. West, 45th Ann., 934; State vs. Hardaway, 50th Ann., 1345.

The minutes of the court of September 5th, 1899, opposite an entry of the title of the cause recite: "In this case there was a motion and affidavit for continuance filed, taken and tried, and the District Attorney admitted that the witness (a certain witness) asked for, if present, would swear to the facts set forth in the affidavit, *the accused being present,*" and then go on in the same entry to recite the different proceedings which occurred in the case on that day, the drawing of the jury, the hearing of evidence, the argument of counsel, the

charge of the court, the retirement and return of the jury, and the verdict, and at the end of the entry states: "The accused being present in court."

It would, unquestionably, have been better for the clerk to have noted in the opening portion of his minutes, opposite each different proceeding taken, the fact of the defendant's presence in court thereat, but we are not prepared to set aside the verdict of the jury, and the sentence of the court, on the minutes, as they stand, particularly as it is not claimed, or urged, that, as a fact, the accused was not present, but that the records *do not show* that *he was present.*

With the recital of the minutes of the court stating at the beginning of the entry, and at its close, the presence of the accused in court, we do not think we would be warranted in applying the maxim *"quod non apparet non est."*

The District Attorney, however, should have caused the minutes to be made more specific when this motion in arrest was filed, and not have left the matter to be determined by construction of the minutes.

If we were in doubt, as matters stand, as to the actual facts, we would not set aside the verdict and reverse the judgment on the strength of that doubt, but we would hold the case open until by proper proceedings, the actual facts could be ascertained, and we will still have that matter examined into if, on an application for a rehearing, the accused should declare that, as a fact, he was not present at the various stages of his trial on the 5th of September, 1899.

The fact that Lem Scott, one of the Jury Commissioners, may not have taken the oath as such after his appointment in 1898, by the district judge, is not brought properly before this court on a motion in arrest of judgment.

That motion covers only objections apparent on the face of the record (State vs. Chandler, 36 Ann., 178). To establish the fact stated, evidence had to be introduced.

The oaths of the Jury Commissioners, and the *proces verbal* of their action, do not form part of the record of each individual criminal case tried in the District Court, and do not come up with the transcripts unless formally introduced, and in some way made part of the proceedings. State vs. Watson, 31 Ann., 380; State vs. Jackson, 36 Ann., 97.

It may be, on suggestion made in the District Court, that a Jury Commissioner has not taken the required legal oath, that the court

might have taken judicial notice of such fact, but matters of which the District Court may take notice are by no means necessarily taken judicial notice of by the Appellate Court. Matters not properly the subject of a motion in arrest do note become such by introduction of evidence without objection.

The matter complained of here should properly have been urged by a timely challenge to the array, or in a motion to quash, and not postponed until after verdict, and then set up on a motion in arrest.

It is then too late.

·33rd Ann., 1404; State vs. Jackson, 36th Ann., 97; 36th Ann., 178; State vs. Tisdale, 41st Ann., 338; State vs. Miles, 31st Ann., 825; State vs. Ashworth, 41st Ann., 683; State vs. Leftwich, 46th Ann., 1194; State vs. Magee, 48th Ann., 903; State vs. Collins, 48th Ann., 1454; State vs. Pruett, 49th Ann., 284.

The indictment against the defendant was presented and filed in court on the 30th of August, 1899; the accused pleaded "not guilty" on the next day and asked for trial by jury.

The case was tried and a verdict rendered on the 5th of September, 1899, and the motion in arrest filed on the 6th of September, 1899.

It is not claimed that the accused and his counsel were not as well aware, prior to the trial of the cause, that Lem Scott had not taken the oath as a Jury Commissioner, under his 1898 appointment, as they were on the 6th of September, or that their means of ascertaining that fact were not as good before that time as after (State vs. Tisdale, 41st Ann., 344; State vs. Wittington, 33rd Ann., 1403, 1404). Nor is it claimed that any ·fraud or wrong was committed by the jury commission, nor any actual injury done to the accused. The record discloses no challenges to any member of the jury. We think that a practice permitting the filing, after verdict, of an objection of this character would be prejudicial to the proper administration of justice (State vs. Collins, 48th Ann., 1454), and, besides this, we have· no reason for supposing that the fact complained of worked, in reality, any injury to the accused. State vs. Magee, 48th Ann., 903.

We do not think the facts urged in the motion in arrest call·for a setting aside of the verdict or reversal of the judgment. State vs. Sterling, 41st Ann., 679; State vs. Washington, 33 Ann., 897; State vs. Ashworth, 41st Ann., 683; State vs. Leftwich, 46th Ann., 1195.

We find no grounds for reversal, and the judgment is, therefore, affirmed.