JOHN FLYNN, as Administrator of the Estate of ROSE FERRIGAN, Deceased, Respondent, *v.* THE UNION SURETY AND GUARANTY COMPANY, Appellant.

SUPERINTENDENT OF INSURANCE, AGENT OF FOREIGN CORPORATION IN RECEIVING AND ACCEPTING PROCESS AGAINST IT — SERVICE OF PROCESS UPON HIM ON LABOR DAY, VALID. The superintendent of insurance, appointed, as required by law, agent of a foreign corporation to represent it in this state for the purpose of receiving and admitting service of process in actions or special proceedings brought against it, acts as agent of the corporation in that respect and not as an officer of the state; and the service upon him of a summons, in an action against a corporation so represented by him, is a valid service upon the defendant although made on Labor Day, the Public Holiday Law (L. 1897, ch. 614, § 24) not prohibiting the transaction of business on that day except in the case of the presentment, acceptance or payment of commercial paper.

*Flynn* v. *Union Surety & Guaranty Co.*, 61 App. Div. 170, affirmed.

(Submitted February 20, 1902; decided March 4, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 18, 1901, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Eliot Norton* for appellant. The defendant's requests to dismiss, based upon the service of the summons being bad,

should have been granted. (*Page* v. *Shainwald*, 52 App. Div. 349 ; Penal Code, § 268 ; L. 1897, ch. 614, § 41.)

*Carlisle Norwood* for respondent. The statute declaring the first Monday of September, known as " Labor Day," to be a legal holiday, does not affect the service of a summons on that day. (*Page* v. *Shainwald*, 169 N. Y. 246 ; *Walton* v. *Stafford*, 162 N. Y. 558 ; L. 1895, ch. 603 ; *Didsbury* v. *Van Tassel*, 56 Hun, 423 ; *Matter of Borneman*, 6 App. Div. 524 ; *Berthold* v. *Wallack*, 14 Misc. Rep. 55 ; *Carey* v. *Reilly*, 20 Misc. Rep. 610 ; *People* v. *Kearney*, 47 Hun, 129 ; *People ex rel.* v. *Suprs. of Oswego*, 50 Hun, 105 ; *People* v. *Donovan*, 29 Abb. [N. C.] 179, note ; *Slater* v. *Jackson*, 25 Misc. Rep. 783.)

HAIGHT, J.  The plaintiff had recovered a judgment against one Bernard J. Tinney for conversion and an execution thereon had been issued against his person, upon which he had been committed to jail. Tinney as principal and the defendant as surety gave a bond to the sheriff in the usual form, upon which Tinney was admitted to the jail limits. Tinney subsequently departed from the limits and was absent therefrom on the third day of September, 1900, on which day this action was brought upon the bond for the amount due and unpaid upon the execution by the service of the summons personally upon Francis Hendricks, superintendent of insurance, at Syracuse, N. Y. The defendant was a foreign insurance corporation doing business in this state and had previously executed a power of attorney in accordance with the provisions of the statute, constituting the superintendent of insurance of this state or his successor in office its true and lawful attorney in this state on whom process of law may be served in any action or special proceeding instituted against it. The day on which the summons was served was a public holiday known as Labor Day, and after this action was moved for trial the defendant asked for a dismissal of the complaint upon that ground. This motion was denied, and an exception was taken.

The Public Holiday Law, as incorporated in chapter 614 of the Laws of 1897, amending the Statutory Construction Law in relation thereto, has recently received the attention of this court in *Walton* v. *Stafford* (162 N. Y. 558) and *Page* v. *Shainwald* (169 N. Y. 246), in which it has been held that the transaction of business was not prohibited upon legal holidays which were not Sundays, except as to the presentment, acceptance or payment of commercial paper. We did not, however, in these cases enter upon a construction of the concluding clause of the sentence, to the effect that "the days and half days aforesaid shall be considered as the first day of the week commonly called Sunday and as public holidays or half holidays for all purposes whatsoever as regards the transaction of business in the public offices of this state or counties of this state." The obvious purpose of this statute was to authorize the closing of the public offices of the state and the counties upon public holidays for the purpose of relieving the officers and employees in such offices from the duty of performing official services on such days. For this purpose the days are to be considered as the first day of the week, commonly called Sunday. This is the extent of the statute. It does not prohibit an officer from voluntarily performing an official act on such days or render such acts void or voidable unless the act is such as to create an unlawful preference under the Recording Act or is prohibited by some other statute, none of which have any application to the act here complained of.

In this case, as we have seen, the service was made upon the superintendent in the city of Syracuse, miles away from his office in the Capitol at Albany. It was served upon him for the reason that he was the appointed agent of the defendant, representing it in this state for the purpose of receiving and admitting the service of process in actions or special proceedings sought to be brought against it. In receiving and accepting service he acted as agent of the defendant company and not as an officer of the state. While the statute required the defendant, before engaging in business in this state, to

execute and deliver to him a power of attorney to receive the service of process, his action under the power of attorney was that of the company, to whom he could be called to account for any misconduct or omission with reference thereto. If the defendant had been a natural person residing in this state, or if its officers, upon whom service of process could be made by law, could have been found within this state, service might have been made upon them upon that day, and no claim could be made under this statute that such service was not authorized. We are, therefore, of the opinion that the service was valid. (*Didsbury* v. *Van Tassell*, 56 Hun, 423 ; *People ex rel. Vil. of Fulton* v. *Bd. Supervisors Oswego Co.*, 50 Hun, 105.)

The other questions raised upon this review have been correctly answered by the Appellate Division, and do not require further discussion.

The judgment should be affirmed, with costs.

Parker, Ch. J., Gray, O'Brien, Bartlett, Martin and Vann, JJ., concur.

Judgment affirmed. _____