### COHN v. TOWNSEND et al.

(Supreme Court, Special Term, Erie County. July 10, 1905.)

1. HOLIDAYS—STATUTORY CONSTRUCTION LAW—BOARD OF SCHOOL EXAMINERS —EXAMINATIONS ON SATURDAY AFTERNOON—VALIDITY.

Laws 1892, p. 1485, c. 677, § 24 (Statutory Construction Law), as amended by Laws 1897, p. 759, c. 614, § 1, declaring that Saturday afternoon shall be deemed a public half holiday "for all purposes whatsoever as regards the transaction of business in the public offices of this state or counties of this state," does not, as construed by the Court of Appeals, prohibit an officer from voluntarily performing an official act on public holidays, or render such act void or voidable, unless it is such as to create an unlawful preference under the recording act, or is prohibited by some other statute. Ordinances City of Buffalo, c. 3, § 20, provides that all offices in all departments and bureaus of the city government shall be open for the transaction of business on every day, excepting Sundays and holidays, from 8:30 o'clock a. m. until 4:30 o'clock p. m., and excepting on Saturday, when the same shall be open from 8:30 o'clock a. m. until 12 o'clock m. *Held* that, in view of such construction of the statute, the city board of school examiners were not prohibited under the ordinance from continuing beyond noon of Saturday an examination of applicants for positions as public school teachers.

2. SAME—CONSTITUTIONAL LAW—DENIAL OF EQUAL PROTECTION OF LAWS.

Charter City of Buffalo (Laws 1891, p. 210, c. 105) § 334, in defining the duties of the school examiners, provides that they shall hold at least one stated meeting each month. Section 337 (page 211), provides that the examiners shall hold stated examinations at such of their regular meetings as they may designate, and at least as often as once every three months, of all applicants, etc. *Held* that, there being no statute prohibiting the holding of such examinations on Saturday, or requiring the board to refrain from examining on that day persons who observe it as a day of worship, or to grant such persons a special examination on some other day, a Jewish applicant is not deprived of the equal protection of the law and discriminated against because of her race by being denied such examination on some day other than Saturday.

3. SAME—EXECUTIVE OFFICERS—EXERCISE OF DISCRETION—JUDICIAL CONTROL OF.

The courts have no power to control the exercise of the judgment and discretion reposed by law in an executive officer as part of his official functions, and hence cannot control the action of the board of school examiners of a city as to fixing the day for holding teachers' examinations, or as to granting special examinations to persons observing Saturday as a Sabbath.

Action by Ida F. Cohn against E. Corning Townsend and others, constituting the board of school examiners of the city of Buffalo. Order to show cause why injunction should not be continued. Motion to continue injunction denied, and injunction vacated.

Simon Fleischmann, for plaintiff.

Edward L. Jung, City Atty., for defendants.

KENEFICK, J. This action is brought to enjoin forever the defendants, as the board of school examiners of the city of Buffalo, from holding examinations of applicants for public school teachers on Saturday, and, in particular, to restrain them from continuing on Saturday the examination which was in progress when this action was commenced.

94 N.Y.S.—52

The complaint alleges, in substance, that the defendants in their official capacity began an examination of applicants on Monday, June 26, 1905, and announced that such examination would continue each day of the week, including Saturday, from 8 o'clock a. m. to 12:30 o'clock p. m., each day being devoted to one or more subjects; that the plaintiff and a number of other persons entered the examination and participated therein down to Saturday; that plaintiff protested to the board against taking the examination in arithmetic and drawing scheduled for Saturday, on the ground that "she and her parents are members of the Orthodox Jewish Faith and Church, under the teaching of which it is prohibited and is wrong and sinful for the members of said church to do any work or labor of any kind, or any writing, or to perform any service whatsoever on their Sabbath, which continues from sundown on Friday evening of each week until sundown of Saturday the next day"; that she requested the board to adjourn the examination to some other day, or accord her a special examination on some other day, which request was refused; that plaintiff cannot and will not, because of her religious scruples aforesaid, perform on Saturday the work and writing necessary on such examination; that the holding of such examination in part on Saturday afternoon is contrary to the statute of the state making Saturday afternoon a half holiday, and contrary to the ordinance of said city relating to the office hours of the various departments of the city government; and "that by reason of the premises the defendants threaten to do the plaintiff irreparable injury, and to deprive her of the equal protection of the laws of the land and of the state, and to discriminate against her on account of her race." Upon this complaint and an accompanying summons, and upon affidavits setting forth in detail the facts alleged in the complaint, Justice Lambert, on Friday, June 30th, granted an injunction restraining the defendants from continuing the examination on the next day, Saturday, July 1st, and from taking any proceedings upon and in connection with said examination on said last-named date, except to adjourn or postpone the same to some day other than a Saturday or a Sunday; and with said injunction said justice issued an order to show cause, returnable at Special Term on July 5th, why the injunction should not continue during the pendency of the action. Before the examination was resumed on Saturday, July 1st, some of the defendants were duly served with the summons and complaint and injunction order. The question presented to this court is whether the injunction already granted shall be continued until final judgment.

The power of the court to grant the relief demanded in the complaint is challenged by the defendants, and, of course, if no such power exists in the court, the continuance of the injunction is not justified. The threatened continuance of the examination a half hour beyond noon of Saturday is claimed to be in violation of the statutes of the state and of the ordinances of the city. The state statute simply declares that Saturday afternoon shall be deemed a public half holiday "for all purposes whatsoever as regards the transaction of business in the public offices of this state or counties

of this state." Statutory Construction Law (Laws 1892, p. 1485, c. 677, as amended by Laws 1897, p. 759, c. 614, § 1) § 24. It is reasonably clear that this statute applies only to state and county offices, and has no application to city offices. The city ordinance reads:

"All offices in all departments and bureaus of the city government shall be open for the transaction of business on every day excepting Sundays and holidays from 8:30 o'clock a. m. until 4:30 o'clock p. m. and excepting on Saturday when the same shall be open from 8:30 o'clock a. m. until 12:00 o'clock m." Ordinances, c. 3, § 20.

It will be observed that the ordinance does not in terms declare Saturday afternoon a municipal half holiday, nor does it in terms prohibit the transaction of business in the public offices of the city. It simply fixes the office hours. The provision of the statutory construction law above quoted is plainly more stringent than the ordinance in respect to the transaction of public business on Saturday afternoon, and yet the Court of Appeals, in construing that provision, says:

"The obvious purpose of this statute was to authorize the closing of the public offices of the state and the counties upon public holidays, for the purpose of relieving the officers and employés in such offices from the duty of performing official services on such days. * * * This is the extent of the statute. It does not prohibit an officer from voluntarily performing an official act on such days, or render such acts void or voidable, unless the act is such as to create an unlawful preference under the recording act, or is prohibited by some other statute." Flynn v. Union Surety, etc., Co., 170 N. Y. 145–147, 63 N. E. 61.

In view of this construction of the state statute, it cannot be seriously claimed that under the city ordinance the defendants were prohibited from continuing the examination beyond noon of Saturday.

The refusal of the defendants to adjourn the examination to some day other than Saturday, or to grant the plaintiff a special examination because of her religious scruples respecting the performance of manual work on the Jewish Sabbath, it is claimed, "deprives her of the equal protection of the laws of the land and of the state, and discriminates against her because of her race." The charter of the city (Laws 1891, p. 127, c. 105), in defining the duties of the school examiners, provides that "the examiners appointed under this act shall hold at least one stated meeting each month" (section 334), and that "the examiners shall hold stated public examinations at such of their regular meetings as they may designate and at least as often as once every three months, of all the applicants who have filed their applications with the secretary as hereinbefore provided" (section 337). This is the only statutory direction with respect to the time of holding the examinations. The day or days, except Sunday, for holding the examinations within these periods, is discretionary with the board of examiners. Sunday, or the Christian Sabbath, existed as a day of rest at common law, and, in adopting the common law in the Constitution of our state, we took over Sunday as a civil institution of the state, and the Legislature has from time to time enacted laws to regulate its observance as such.

Lindenmuller v. People, 33 Barb. 548, 569. The transaction of public business on Sunday is prohibited, therefore, because of the character of the day as a civil institution. It is probably within the power of the Legislature to confer upon Saturday or any other day a similar character as a civil institution, and even to destroy the character of Sunday as such. Such power, however, does not exist in the courts, nor can it be effectuated by individual insistence on religious scruples, nor can it be imposed by the spiritual teaching of any faith or church. In the Lindenmuller Case, above cited, the court said:

"The Christian Sabbath is one of the civil institutions of the state, and to which the business and duties of life are by the common law made to conform and adapt themselves. The same cannot be said of the Jewish Sabbath, or the day observed by the followers of any other religion. The respect paid to such days, other than that voluntarily paid by those observing them as days of worship, is in obedience to positive law."

Therefore, as there is no statute prohibiting the holding of such examinations on Saturday, or requiring the board of examiners to refrain from examining on that day persons who observe it as a day of worship, or obliging the board to grant such persons a special examination on some other day, it is well within the power of the board to hold such examinations on Saturday, and there is no authority in the court to control the exercise of their discretion in that regard.

No rule of law is more firmly settled than that the court has no power to control the exercise of the judgment and discretion which the law reposes in an executive officer as a part of his official functions. It may be entirely practicable for the board of examiners to refrain from holding examinations on Saturday, or to grant special examinations on some other day to persons who observe Saturday as a Sabbath, but the decision of that question rests with the board, and the court cannot guide or control it. The facts alleged in the complaint do not establish or tend to establish that the plaintiff has been deprived of the equal protection of the laws, or has been discriminated against on account of her race, but indicate, on the contrary, that she is applying for a special privilege which it is not within the power of any court to grant.

The views hereinabove expressed necessarily lead to a denial of the motion to continue the injunction, and to the vacation of the injunction heretofore granted.