BREAUX, C. J.
Ben Duncan, indicted •for murder, was tried by a jury and found •guilty of involuntary manslaughter.
In a motion in arrest of judgment, which was filed in due time after the verdict, the •defendant averred that he was tried on January 16, 1907, a legal holiday.
On that day the judges of the Circuit Court of Appeals were elected, in accordance with Act No. 137, p. 227, of 1906.
The defendant’s contention is that the election held was a general election, and that all court proceedings on that day were mull.
The motion in arrest of judgment was sustained by the judge of the district court.
The appeal by the state from the judgment brings up the question at issue before us for decision.
Several statutes have been enacted making certain days legal holidays. Act No. 3, p. 5, of 1904, is the last upon the subject, and is now the law. In this last statute, the word “local,” referring to elections, which is found in prior statutes, was left out, and now general election days are legal holidays. Local election days are not legal holidays.
Was the election in question a general election?
Under the statute reference is made to general state elections, general congressional elections, general municij)al elections, or parochial elections.
The election, to be general, as relates to the state, must be held throughout the state, and not in one or more of its political subdivisions.
The word “general” is repeated in the statute so as to make it quite evident that it must be a “general election.”
The officers elected were state officers. None the less they were elected at a special election. The fact that they were state officers does not make of the election at which they were elected a general state election any more than it would be a general state election to elect one of their number, should a vacancy occur which it would be necessary to fill by an election. The election was a state election in part only.
It was not the intention to make every election day a legal holiday. An election held in a part of the state, and not in the whole state, is not the election the statute means to class as a legal holiday, and, for the same reason, neither is the day on which a partial election in a parish or' municipality is held a legal holiday.
The election which will be held in April, *705 1908, to elect officers of the state, will be a general election. So, an election held in a parish to elect a clerk of court, sheriff, and coroner, and other parochial officers. The day of this election is a general election in the parish. The same is true of a municipality, but a day that an election is held to elect state officers in a number of parishes less than the number of parishes in the state is not a general election day under the terms of the statute.
The election was not held to select judges for the Court of Appeal throughout the state after the expiration of the full term of prior officers.
The officers of the state elected in April or November, the time fixed by the Constitution, is a general state election, and the days on which these elections are held are legal holidays.
On another point: Defendant urged no objection to his trial on the day that the election was held. He is concluded by his silence. He took the chances of an acquittal. Had he been acquitted, the verdict would have been legal. Why is it now that he has been found guilty that the proceedings are null on the "grounds urged?
There may be grounds in a criminal case, if passed in silence, which cannot be heard to any purpose after the trial.
The want of authority to hold a day’s session, because the day is a legal holiday, is of the number.
We will here state, regarding waiver or assent, that an accused may waive a right or acquiesce in the proceedings. Bishop’s New Criminal Law, vol. 1, § 996.
An accused should not seek to escape from the effect of that to which he has consented. Bishop, vol. 1, § 117.
Where an accused acquiesced in the proceedings, doubtless looking forward to an acquittal, he should not be permitted to raise an objection after , verdict. State v. Rose, 114 La. 1062, 38 South. 858; State v. Jackson, 36 La. Ann. 96; State v. White, 52 La. Ann. 206, 26 South. 849.
The objection should not have been postponed until after verdict, nor urged for the first time in motion in arrest. State v. White, 52 La. Ann. 206, 26 South. 849; State v. Arbuno, 105 La. 730, 30 South. 163, and decisions cited.
Moreover, the proceedings on a statutory legal holiday are not necessarily null. They may be held on that day by consent. Besides, an accused may be concluded by his silence, if he chooses to remain silent when he is represented by counsel amply able to protect his rights.
Statutory holidays are not as sacramental as relates to proceedings on Sunday. The Sabbath is a day of rest and worship, generally recognized as such.
Where, by the terms of the statutory holiday, acts are prohibited, then, if done on that legal holiday, they are null.
The act creating a legal holiday in this state relates to commercial paper. It has no expressed prohibitory clause, save as relates to that paper.
In a case involving the same question in the state of New York, the statute was limited to the acts prohibited.
In the case to which we refer (the New York case) the 12th day of February, Lincoln’s birthday, is a legal holiday (in that state) for all purposes whatever as regards the presenting for payment or protesting and giving notice of the dishonor of bills of exchange, bank checks and promissory notes.
The contention was that the statute making Lincoln’s birthday a legal holiday for the purposes before mentioned related to all acts, including judicial proceedings. The court of New York did not take that view, but said that the statute had no application *707 to the legal service of a paper in a case. Bornemann v. Bischoff, 6 App. Div. 524, 39 N. Y. Supp. 686.
Another court in another jurisdiction has said:
“Our state makes Christmas a holiday in one respect, and in one only; and that is, in respect to commercial paper. We can find no rule of the common law making it a legal holiday as to any other matter.”
Again, it has been decided that it depends upon the language of the statute, where other acts than those specially included are prohibited. Sunday & Legal Holiday, Eng. & Am. Enc. of Law, vol. 27, p. 386.
There is a decision by the Supreme Court of Texas which is pertinent. That court held that Sunday is at common law a dies non juridicus, and hence the issuance and service of process on that day is invalid, independent of such statute.
But that holidays, on the other hand, have only the sanctity attached to them by statute. That courts may hold sessions and all business may be transacted except that when it is positively prohibited. Crabtree v. Whiteselle, 65 Tex. 113.
Another case is referred to with unqualified approval by the Supreme Court of Wisconsin. In Spalding v. Bernhard, 76 Wis. 372, 44 N. W. 643, 7 L. R. A. 423, 20 Am. St. Rep. 75, in which it was held that the history of the common law clearly indicated that Sunday owes its exceptional position to a general sense of its sacred character. To no other day (although many count other days holy) has a like distinction been accorded.
“When we compare the course of the common law and legislation respecting Sunday with the statute now before us, a different treatment is observable.” Glenn v. Eddy, 51 N. J. Law, 255, 17 Atl. 145, 14 Am. St. Rep. 684.
Again, “holiday,” in its present conventional meaning, is scarcely applicable to Sunday.
Similar views were expressed in Kiger v. Coats, 18 Ind. 154, 81 Am. Dec. 351.
“A notice of a motion to dissolve an injunction may be properly served on the Fourth of July, where the statute merely prohibits the keeping of the school on that day, and provides that it should be a holiday in respect to commercial paper.” Horn v. Perry, 11 W. Va. 694.
Similar views are expressed in Malmgren v. Phinney (Minn.) 52 N. W. 915, 18 L. R. A. 753.
We cite these decisions in order to bring to bear the different views expressed regarding statutory holidays. We have no intention of approving them any further than they are directly pertinent. We only hold that a defendant, who does not object to the proceedings in the course of his trial on the ground that it is a statutory holiday, is concluded by the result. Further, that a statutory holiday is considered and treated in a different light from Sundays.
It is therefore ordered, adjudged, and decreed that the judgment of the district court, sustaining the motion in arrest of judgment, is avoided, annulled, and reversed.
It is further ordered, adjudged, and decreed that the case be remanded to the district court, and the proceedings and verdict reinstated.
It is further ordered, adjudged, and decreed that the district court proceed with the case and pass sentence and judgment on the accused as required by law.
See dissenting opinion of PROVOSTY, J., 43 South. 285.