MONROE, J.
Defendant was charged with felonious assault by shooting, and having been convicted and sentenced, presents his case to this court by means of certain bills of exception and an assignment of er *435 ror, from which latter and from the face of the record it appears that the trial was in progress on Saturday, June 17, 1911, and, save for two short recesses, continued, without interruption, until quite late that night, when the jury, having received the charge of the court, retired to deliberate upon their verdict, “and the court took'a recess.”
The minutes then continue as follows:
“It being 12:15 a. m., the recess being over, the court resumed its business.
“Present, counsel for the state; also, present, the accused and his counsel. The jury came into court in charge of the sheriff, and, on being called and all present, through their foreman, presented the following verdict, to wit: ‘June 17, 1911 — Guilty as charged. [Signed] J. N. Gaudet, Foreman.’ ”
The jury was then polled, the verdict on motion of the district attorney recorded, the accused remanded, and the jury discharged.
According to the minutes as we interpret them, the jury retired and found the verdict before midnight of Saturday, but the verdict was returned into and received by the court on Sunday morning, after a recess which terminated at 12:15 a. m. The learned counsel for defendant contends that under the law as it now stands the verdict should be set aside, and he cites Act No. 6 of 1904, which reads:
“That, whenever the impaneling of a jury or the taking of evidence, on the trial of any case, shall have been begun but not concluded, at the time at which there shall intervene any legal holiday or legal half holiday, it shall be lawful for the presiding judge, and within his discretion, to order said trial to be proceeded with upon said legal holiday, if not a Sunday or Christmas Day, or upon said legal half holiday, and all proceedings, thereafter had in the trial of said case, shall have the same force and effect as though had on a day not a legal holiday or legal half holiday.”
And all laws in conflict are repealed.
We find nothing in the statute cited which adds to the pre-existing prohibitions against the performance of judicial acts on Sunday, the evident purpose being merely to allow such acts to be performed, under the conditions stated upon legal holidays, other than Sunday and Christmas Day.
In State v. Ford, 37 La. Ann. 466, however, in which the verdict though received and announced before midnight, was recorded a few minutes after that hour, on Sunday morning, this court quoted with approval the rule stated by Mr. Bishop, as follows:
“Though -Sunday is dies non juridicus, wherein no judicial act is valid, but ministerial acts are, a verdict received on Sunday is good, yet not a judgment on the verdict. And on Sunday the court may find that the jury cannot agree, and discharge them.”
The ruling so made was approved in State v. Canty, 41 La. Ann. 589, 6 South. 338, and in State v. Atkinson, 104 La. 570, 29 South. 279, though in the case last mentioned the verdict was returned on Thanksgiving Day. In State v. Varnado, 126 La. 742-743, 52 South. 1006, the verdict was received and recorded and the jury discharged on Sunday, and this court said:
“It is settled beyond controversy that the receiving and recordation of a verdict on a Sunday or other dies non juridicus is permissible.”
That it was not the purpose of Act No. 6 of 1904 to change the rule upon the subject is evident from the language:
“Whenever the impaneling of a jury or the taking of evidence, on the trial of any case, shall have been begun, but not concluded,” etc..
In a case therefore such as this, where the impaneling of the jury and the taking of the evidence has been concluded, and the jury has found the verdict, before the advent of the dies non juridicus, the law finds no application. In State v. Duncan, 118 La. 702, 43 South. 283, 10 L. R. A. (N. S.) 791, 11 Ann. Cas. 557 (to which the learned counsel refers), the point presented for decision, and decided, was that Act No. 3 of 1904, making “general election” days legal holi *437 ■days, did not render void judicial proceedings held on a day upon which was held an ■election less than a general election. And, ■whilst it was said that a sanctity is attributed to Sunday, apart from any statutory enactments, there is nothing in the opinion from ■which the idea can be deduced that, there■fore, the return of a verdict on that day ■would be unlawful.
A motion for new trial was filed on the ¡ground that one of the veniremen, selected :as a juror, had, before being called to serve, ■expressed an opinion as to the guilt of the ■defendant and had said that, if he were chosen as a juror, he would find guilty as •charged. But, on the hearing of the motion, defendant entirely failed to sustain the ^allegation to that effect.
Defendant was allowed to amend his motion on the hearing of it in order to charge that one of the jurors was asleep during the ■trial, and there was some testimony given to that effect, as, also, some to the contrary. 'The trial judge in signing what are called •“the consolidated bills of exception,” says:
“The court will reiterate what it said jn its •oral reasons for refusing the new trial relative ■to the charge that Dr. Winceslas Lions, one of the jurors, slept during the trial of the case. 'The court said that this charge was a myth; that this juror sat on the front bench, at the very feet of the judge, where he could be seen ■at all times during the progress of the trial; and that such an attempted misconduct on his part, or on the part of any other juror, would have met with a most severe reprimand at the ’■hands of the court.”
The juror who sat next to Dr. 'Lions fully •corroborates the statement of the judge. We are therefore of opinion that the charges ■contained therein were not well founded, and that the motion for new trial was properly •overruled. There are some other matters presented by bills of exception, but they have ;been practically abandoned, and are without .merit.
The judgment appealed from is accordingly affirmed.