## BOWSER *v.* TOBIN ET AL.

[No. 27,123. Filed January 31, 1939.]

*Ira C. Tilton,* for appellant.

*Loring & Douglas,* for appellee.

SWAIM, J.—The appellant, Antionette Bowser, filed this action under the Uniform Declaratory Judgments Act, Acts of 1927, ch. 81, p. 208, asking the court to adjudge and declare her status and rights as an heir of Arthur J. Bowser, deceased, as against appellees, who are alleged to now be in possession of certain property, real and personal, which belonged to said decedent in his lifetime. The claim of appellant to such heirship is based on her contention that a judgment of divorce against appellant, obtained by the said decedent in the Porter Circuit Court July 5, 1909,

is null and void and that she is, therefore, his widow.

The only error assigned by appellant was the over-ruling of her motion for new trial, which motion was based on the grounds that the decision of the court was (1) contrary to law, (2) not supported by sufficient evidence, and (3) not sustained by sufficient evidence. Since the second ground is not provided for by statute no question can be presented thereunder.

The appellant contends that when she was sued for divorce by her former husband she employed no lawyer; that she did not authorize a lawyer to file an answer for her; that she did not know when the divorce case was to be tried; that she was not present at the trial; that after the trial was over she was told by the lawyer who had entered appearance and filed answer for her that her husband had been granted a divorce and that there was nothing she could do about it; that she relied on said lawyer's statements and believed herself to be divorced from her husband until after his death; and that all of the above constituted such fraud on the part of her husband and said attorney as to vitiate said divorce decree.

As against these charges there was evidence tending to show that she did talk to a lawyer about the case and employed him to represent her; that she did authorize him to enter an appearance and file an answer for her; that on the day of the trial she rode with said lawyer from her home at Chesterton, Indiana, to the county seat at Valparaiso where the case was tried; that she was present in court during the trial; that immediately after the trial she went with her lawyer to the office of her husband's lawyer and there received alimony in the sum of $1,000.00 and signed a receipt therefor; that her lawyer then took her back to her home at Chesterton; that six weeks later she called on her lawyer to

tell him that she had been told that there was fraud in the obtaining of said divorce by her husband; and that she continued to treat said divorce decree as valid and binding for twenty-eight years, during which period her husband died and his estate was administered. This was sufficient evidence from which the trial court might properly have found that the divorce decree was not obtained by fraud.

Appellant's contention that her divorce was invalid because of fraud must fail for another reason. Nothing in the Declaratory Judgments Act would indicate that the legislature intended by this act to provide an additional form of action by which litigants could create new rights or change their status or legal relations. An action for a declaratory judgment is only to be used for the purpose of determining and declaring, by a judgment or decree, rights, status or relations in existence when such action is brought. A woman who has been divorced from her husband by a decree obtained by the husband's fraud has only the rights and status of a divorced woman so long as such decree stands. She cannot, on the death of such husband, have any rights or interests in his property as his widow unless and until such divorce decree is in some legal manner set aside.

This court has held that a judgment obtained by fraud or mistake is not void but only voidable, until attacked and set aside in a proper proceeding for that purpose by a competent party. *Owen County Council* v. *State ex rel.* (1911), 175 Ind. 610, 95 N. E. 253. In the case of *Weiss et al.* v. *Guerineau* (1886), 109 Ind. 438, 443, 9 N. E. 399, the court said: "A party against whom an unauthorized or inequitable judgment has been obtained, whether by fraud or mistake, can not treat the judgment as invalid until he has taken some

proceeding, known to the law, to set it aside, or to secure its modification."

In the instant case the appellant permitted her divorce decree to stand unchallenged for a period of twenty-eight years. An action for a declaratory judgment could not be used to question the validity of such decree on the ground of fraud. Such action could only result in a determination and declaration of her rights under the subsisting decree which granted her former husband an absolute divorce.

The appellant also contends that the said divorce decree was absolutely void for the reason that the complaint for divorce was unverified, was filed in open court and failed to allege any jurisdictional facts therein; that no affidavit of residence was made a part of said complaint or filed in the action; and that it is not disclosed by the record of the case that proof of residence was given and that for these reasons she was entitled to a declaratory judgment declaring her to be the widow of the said Bowser and entitled to the rights and interests of a widow in his property.

At most an attack on a subsisting divorce decree in an action for a declaratory judgment would amount to a collateral attack on such decree. The appellant sought primarily, by her action for a declaratory judgment, to have the trial court declare and determine that she had certain rights as his widow in the property of the said Bowser, and while it was necessary to declare the divorce decree invalid in order to accomplish her purpose, this was only incidental. Her action did not constitute a direct attack on the divorce decree, but only sought by matters *dehors* the record to show that said decree was invalid. Where a court, having jurisdiction over the general subject-matter, renders a judgment valid on its face such a judgment cannot be attacked collaterally by reason of defects in the plead-

ings on which the judgment is based. *McCormick et al.* v. *Webster* (1883), 89 Ind. 105.

This court said in the case of *Winslow* v. *Green* (1900), 155 Ind. 368, 369, 58 N. E. 259, "The law is firmly established that, jurisdiction being once obtained over the person and the subject-matter, no error or irregularity in its exercise will make the judgment void. When it thus appears that the court has the power to try and decide, its judgment becomes conclusive as to the matter in controversy between the parties, and, however erroneous, it is unassailable in any collateral proceeding."

The appellant attempted to show that there was no affidavit of plaintiff's residence and occupation filed in the divorce action by showing that the jacket ██ containing other papers in the case did not contain such an affidavit twenty-eight years after the divorce action was tried. Numerous cases in this court have held that where the record is silent on a jurisdictional matter the trial court, if it be a domestic court of general jurisdiction, will be presumed to have possessed the requisite jurisdiction to make its judgment valid as against a collateral attack. *Abdil* v. *Abdil et al.* (1870), 33 Ind. 460; *Bateman* v. *Miller* (1888), 118 Ind. 345, 21 N. E. 292; *The Evansville, etc., Co. et al.* v. *Winsor* (1897), 148 Ind. 682, 691, 48 N. E. 592; *Sinclair* v. *Gunzenhauser* (1912), 179 Ind. 78, 98 N. E. 37, 100 N. E. 376; *Friebe* v. *Elder* (1913), 181 Ind. 597, 105 N. E. 151.

The instant case is a good example of the reason for such rule. If a party could successfully attack collaterally a judgment twenty-eight years after it was rendered, on the ground that a paper or pleading was absent from the file, no judgment or decree would be secure or final.

It is, of course, not necessary to the validity of this judgment that the record disclose the evidence on which it is based.

Appellant next insists that the judgment herein is null and void, for the reason that the trial in said cause was had and judgment rendered on July 5, 1909, which was, by statute, a legal holiday within the State of Indiana; and that therefore the trial and determination of a divorce case, which constitutes judicial business, could not be legally had on such day.

Acts of 1905, ch. 118, p. 196, and Acts of 1907, ch. 229, p. 432, provide that certain days, among which is July 4, are legal holidays in Indiana and further provide "when any of said holidays (other than Sunday) comes on Sunday, the Monday next succeeding shall be the legal holiday." Since July 4 in the year 1909 came on Sunday the next day, July 5, was, under these laws, a legal holiday.

While it is true that July 5, 1909, under the terms of the statutes then in force in Indiana, was a legal holiday, there was no statute then in force which prohibited the transaction of judicial business on that day or expressly made that day *dies non.* In the absence of a mandatory provision of a statute prohibiting such action, the interested parties and the court could legally conduct such divorce trial on July 5, 1909, and the resulting decree was valid and binding on the parties. *State ex rel. Walter* v. *Superior Court of Whitman County* (1908), 48 Wash. 1, 94 Pac. 665; *State* v. *Duncan* (1904), 118 La. 702, 43 So. 283, 10 L. R. A. (N. S.) 791.

The judgment of the Porter Circuit Court is in all things affirmed.