REGAN, Judge.
The plaintiffs, James W. Crumb, Incorporated, the vendor, Wagner and Truax Company, Incorporated, and Mayeur and Company, Incorporated, realtors, filed this suit against the defendant, James W. Spinner, the vendee, endeavoring to recover the sum of $5,680.00, together with attorney’s fees, representing amounts which they assert are due to them as the result of the defendant’s failing to sign an act of sale within the time limitation stipulated in the agreement to sell. Crumb sues for forfeiture of the defendant’s deposit, made by promissory note, and the other two plaintiffs sued for their respective shares of the real estate commission provided for in the agreement to sell.
The defendant answered and denied that he was liable for any amount to the plaintiffs. He then filed a reconventional demand against James W. Crumb, Incorporated, for the return of his deposit in the amount of $2,300.00 for a like sum as liquidated damages, and for attorney’s fees of $2,000.00.
The lower court rendered judgment in favor of the defendant, dismissing the plaintiffs’ suit at their costs. In addition thereto, judgment was rendered in favor of Spinner as plaintiff in reconvention against James W. Crumb, Incorporated, in the amount of $2,800.00, representing the *750 return of Spinner’s deposit together with the sum of $500.00 as attorney’s fees. From that judgment, the plaintiffs have prosecuted this appeal.
The record discloses that on May 16, 1967, James W. Spinner contracted to purchase from James W. Crumb, Incorporated, property located in 5232 Trenton Street, in Jefferson Parish, Louisiana. The agreement provided that the act of sale was to be passed on or prior to June 7, 1967, but contained the added condition that if bona fide curative work was necessary, the time for passing the act of sale would be extended for a period of forty-five days.
When the property was surveyed, it became apparent that a side-yard provision of a Jefferson Parish zoning ordinance had been violated. Consequently, the forty-five day extension period provision was invoked, so that the extended date for passing the act of sale became July 22, 1967.
Proceedings were initiated to obtain a variance from the Board of Zoning Appeals in order to cure the defect created by the insufficient side-yard area. The Zoning Board of Appeals granted the variance on Monday, July 24, 1967, and the act of sale was set on that date after a meeting of the Board. However, this date exceeded by two days the contractual extension of forty-five days which ended, to reiterate, on Saturday, July 22, 1967.
Both the plaintiffs and the defendant concede that the violation of the zoning ordinance with respect to the side-yard area constituted a title defect which operated as a contractual extension for passing the act by forty-five days. Therefore, the significant question posed for our consideration is whether the time limitation provided in the agreement for passing an act of sale is extended as a matter of law to a Monday when the final day of the period so provided falls on a Saturday.
The plaintiffs argue that the dictum emanating from the case of Transcontinental Development Corp. v. Bruning[1] is determinative of the issue raised herein. In that case, the organ for this court elucidated through the medium of obiter dictum that when the delay for passing an act of sale ended on a Sunday, the time was automatically extended until the following day. The plaintiffs argue that in view of the fact the last day for performance of the contract was on a Saturday, and since the contract provided for passage of the act of sale before the lender’s notary, and since the lender’s notary was commissioned in Orleans Parish where Saturdays are full legal holidays pursuant to R.S. 1:55, the rationale of the dictum in the Bruning case should be extended to the fact of the present case so as to extend the period for passing the act of sale from the Saturday deadline to the following Monday, upon which day the title defect was cured.
Assuming arguendo, the correctness of the dictum in the Bruning case,[2] it is quite obvious that the rationale thereof does not apply to this case. The parties by their agreement provided for the forty-five day extension, and the fact that it terminated on a Saturday was purely a matter of contract, which could have been remedied had the contracting parties so chosen. However, in the absence of a contractual stipulation to the contrary, there is no legal impediment to passing an act of sale on a Saturday.
R.S. 1:55 provides that in Orleans Parish Saturdays are considered to be full holidays and that in other parishes Saturdays are half holidays unless the governing authorities thereof declare to the contrary. Even though the contract was to be per *751 formed in Orleans Parish where the lender’s notary was commissioned, it viras nevertheless perfectly acceptable from a legal standpoint for the act of sale to he passed on that date. R.S. 1:55 further provides as follows:
“C. It shall be lawful to file and record suits, deeds, mortgages and liens, to issue and serve citations, to make sheriff’s sales by virtue of any- execution, and to take and to execute all other legal proceedings on Wednesday and Saturday holidays and half-holidays.”
Thus, even though the Saturday upon which the time limitation ended was a full holiday, there was no legal impediment to passing the act of sale, and in the absence of a contractual provision to the contrary, the act of sale was to be passed within the forty-five day extension.
The cases cited by the plaintiffs apply to prescriptive periods and other proceedings of a judicial nature to which different rules apply. Under the circumstances of this case, the conclusion is inescapable that the Saturday deadline for passing the act of sale was legal, was not complied with, and consequently, the defendant was fully justified in refusing to accept title two days after the expiration of the contractual deadline.
Hence, the lower court was correct in ruling in favor of the defendant and plaintiff in reconvention. However, it has been pointed out that the promissory note given by him in lieu of a cash deposit has been withdrawn from the record. Thus, since he has obtained the return of his deposit, the judgment of the lower court must be amended insofar as it awards him the amount of $2,300.00 in cash as the return of the deposit.
For the foregoing reasons, the judgment of the lower court is amended as above mentioned, and as amended, the judgment is affirmed in all other respects.
The plaintiffs are to pay all costs incurred herein.
Amended and affirmed.

. 195 So.2d 430 (La.App.1967).

. See also State v. Duncan, 118 La. 702, 43 So. 283, 10 L.R.A.,N.S., 791 (1907) in which the court made some distinction between Sundays and other legal holidays because of the sacred nature of a Sunday as opposed to a statutory holiday.