[No. 3,015.]

THE PEOPLE OF THE STATE OF CALIFORNIA *v.* H. H. BURT.

REPEAL OF ACT.—When an Act is repugnant to a prior Act, it repeals the prior Act, without any repealing clause.

PASSAGE OF A BILL THROUGH THE LEGISLATURE.—If an Act is properly enrolled and authenticated, and is deposited with the Secretary of State, it is conclusive evidence of the legislative will at the time of its passage, and Courts will not look into the Journals of the Legislature to see whether or how the bill passed.

LAWS REPUGNANT TO EACH OTHER.—If there are two Acts for the assessment and collection of a tax, and by one a notice of the election to vote it, must be posted ten days, and published two weeks, and the tax is not to exceed one dollar and fifty cents on the hundred dollars, and by the other, the notice is to be posted twenty days, and published three weeks, and the rate of taxation is not to exceed seventy cents on the hundred dollars, the two Acts are repugnant, and the latter repeals the former.

APPEAL from the District Court of the Second Judicial District, Tehama County.

The defendant recovered judgment in the Court below and the plaintiff appealed.

The other facts are stated in the opinion.

*Jo Hamilton* and *P. B. Nagle*, for Appellant.

*W. H. Jones*, for Respondent.

By the Court, BELCHER, J.:

This is an action for the collection of a delinquent school tax, alleged to have been duly assessed in pursuance of the provisions of an Act entitled an Act to authorize a tax to be levied upon the taxable property of Red Bluff School District, Tehama County, for building purposes, approved March 25th, 1870. The object of the Act was to call an election and submit to the qualified electors of the district the question whether a tax should be levied on the property of the district for the purpose 'of erecting a school house therein. It provided that the " election shall be called by posting notices in three of the most public places in the district for ten days, and by publication in some newspaper in the district for two weeks. Said notices shall contain the time and place of holding the election and the rate per cent proposed to be.levied on the property of the district, which shall not exceed one dollar and fifty cents upon the one hundred dollars."

Sections three and five are as follows:

"SEC. 3. At such election the ballots shall contain the words, ' Tax—Yes,' or ' Tax—No,' and also the name of one person as Assessor and Tax Collector. If a majority of the votes cast are ' Tax—Yes,' the officers of the election shall certify the fact to the Board of Trustees, and also the name of the person receiving the plurality of votes for Assessor and Tax Collector, and the Trustees shall issue to such person a certificate of election."

"SEC. 5. For the purposes of equalizing the assessment the Board of Trustees shall have all the power conferred by law upon County Boards of Equalization. The rate per cent voted at such election shall be and is hereby levied and assessed to, on, or against the persons and property named

and described in said roll so equalized; and it shall be a lien on all such property until the tax is paid; and the said tax, if not paid within thirty days from the date of such equalization, shall be recovered by suit in the same manner and with the same costs as delinquent State and county taxes."

It is claimed by the defendant that this Act was in conflict with and was repealed by the Act of April 4th, 1870, entitled an Act to amend an Act to provide for a system of common schools.

Section ninety-one of the last named Act provides:

"The Board of Trustees of any district may, when in their judgment it is advisable, call an election and submit to the qualified electors of the district the question whether a tax shall be raised * * * for building one or more school houses. * * * Such election shall be called by posting notices in three of the most public places in the district for twenty days; and also, if there is a newspaper in the county, by advertisement therein once a week for three weeks. Said notices shall contain the time and place of holding the election, the amount of money proposed to be raised, and the purpose or purposes for which it is intended to be used. * * * At such elections the ballots shall contain the words 'Tax—Yes,' or 'Tax—No,' and also the name of one person as Assessor and one as Tax Collector. * * * If a majority of the votes cast are 'Tax—Yes,' the officers of the election shall certify the fact to the Trustees, and shall also certify the names of the person or persons having the plurality of votes for Assessor and Collector. The Trustees shall issue certificates of election, and the Assessor shall, on receiving his, forthwith ascertain and enroll, in the manner provided for County Assessors, all the taxable persons and property in the district; and within thirty days he shall return his roll, footed up, to the Trustees. The Trustees, upon receiving the roll, shall deduct fifteen per cent there-

from for anticipated delinquencies, and then, by dividing the sum voted, together with the estimated cost of assessing and collecting added thereto, by the remainder of the roll, ascertain the rate per cent required; and the rate so ascertained (using the full cent on each hundred dollars in place of any fraction) shall be and is hereby levied and assessed to, on, or against the persons or property named and described in said roll. * * * The maximum rate of tax levied by a district tax in any one year for building purposes shall not exceed seventy cents on each hundred dollars. * * * The Trustees, upon receiving any assessment roll from the Assessor, shall give five days notice thereof by posting a notice in three public places in the district, and shall sit for at least three days as a Board of Equalization."

Section one hundred and fifteen repeals "all Acts and parts of Acts conflicting with the provisions of this Act."

The last Act is general and applies to all the school districts in this State. It follows, if both of these Acts are to stand, that they had in Red Bluff School District when this tax was levied two Acts under which they were authorized to raise money to build a school house. By one the notice calling an election was directed to be posted ten days and published two weeks, and by the other it was to be posted twenty days and published three weeks; by one the notice was to contain the rate per cent proposed to be levied on the property of the district, "which shall not exceed one dollar and fifty cents upon the one hundred dollars," and by the other it was to contain the aggregate amount of money proposed to be raised, but the maximum rate of tax levied by a district in any one year, for building purposes, "shall not exceed seventy cents on each hundred dollars."

It is manifest that these provisions—and there are others of a similar character—are in conflict and cannot stand together. They are repugnant and irreconcilable, "and it is

well settled that where a subsequent Act is repugnant to a prior one, the last operates, without any repealing clause, as a repeal of the first." (*Pierpont* v. *Crouch*, 10 Cal. 315.)

Counsel for the plaintiff call our attention to the fact that it appears from the Senate and Assembly Journals that the bill for the special Act was introduced and passed in the Senate on the 4th March, 1870, and was passed in the Assembly on the 14th March, 1870, while the bill for the general Act was introduced in the Assembly on the 18th of December, 1869; and they ask: "How is it possible that the Legislature intended on the 18th December, 1869, to repeal a statute to be introduced and passed into a law between the 4th and 25th of March, 1870 ?" The plain answer is that we cannot look into the Journals of the Legislature to see when a bill was introduced in or how it passed through the two Houses. If an Act is properly enrolled, authenticated, and deposited with the Secretary of State, it is conclusive evidence of the legislative will at the time of its passage. (*Sherman* v. *Storey*, 30 Cal. 253.)

The judgment is affirmed.