A. G. Spalding & Bros., Respondent, vs. Bernhard, Garnishee, Appellant.

*January 10 — April 8, 1890.*

*Legal holidays: Judicial acts: Approval of bond of assignee for benefit of creditors.*

The approval, by a court commissioner on a legal holiday, of the bond of an assignee for the benefit of creditors, even if a judicial act, is valid, although sec. 2576, R. S., provides that "no court shall be open or transact any business . . . on any legal holiday."

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice Cassoday:

May 29, 1888, C. H. Hammersley & Co. made a general assignment to the defendant *Bernhard,* for the benefit of their creditors. The assignee made and executed his bond, and the same was approved May 30, 1888. June 2, 1888, this action was commenced by the plaintiff, a corporation of the state of Illinois, against the assignors, and the garnishee papers were served on that day upon the assignee. July 27, 1888, judgment was entered in the principal action against the assignors.

On the issues between the plaintiff and the garnishee a trial was had by and before the court without a jury, and the court found as matters of fact, in effect, that such assignment was made May 29, 1888, and acknowledged on that day before a notary public; that in the execution of said assignment and the filing of the same and the inventory the statutes were complied with, except that the assignee's bond was by him and his sureties executed, and such sureties therein justified before a court commissioner, on May 30, 1888; that the affidavit as to the nominal value of the assets was made before said commissioner on that day, on the reverse side of the bond; that upon said bond was indorsed

A. G. Spalding & Bros. vs. Bernhard.

in writing an approval of the same, both as to the form and the sufficiency of the sureties, by said commissioner, May 30, 1888; and that the same was filed on that day with the clerk of the circuit court by said commissioner; that the consent in writing of said assignee to take upon himself the duties of such trust was dated May 30, 1888; that the certificate of said commissioner to the copy of the assignment was made on that day; that such bond and copy of assignment, with indorsements and certificates, were filed with the clerk of the court May 30, 1888; that by virtue of said assignment the assignee took possession of the assignor's stock, May 31, 1888; that said stock was inventoried at the nominal value thereof, and such inventory filed with the clerk of said court June 5, 1888; that no other bond was ever executed or relied upon except the one stated; that this action was commenced and judgment against the principal defendant taken as stated.

And as conclusions of law the court found, in effect, that said assignment was void upon its face; that said assignee could not hold the property of the firm thereunder; that the plaintiff was entitled to judgment against the garnishee; and the same was ordered accordingly. From the judgment entered thereon the garnishee appeals.

For the appellant there was a brief by *Lennon & Sleight*, and oral argument by *Richard Sleight*. To the point that legal holidays are non-juridical days only when made so by statute, and only so far as they are made so, they cited, besides cases cited in the opinion, *Pfister v. State*, 84 Ala. 432; *State v. Ricketts*, 74 N. C. 187; *Hamer v. Sears*, 81 Ga. 288; *Slater v. Schack*, 41 Minn. 269; *Bear v. Youngman*, 19 Mo. App. 41; *Dunlap v. State*, 9 Tex. App. 179.

For the respondent there was a brief by *Cole & O'Keefe*, attorneys, and *Kate H. Pier*, of counsel, and oral argument by *Miss Pier*. To the point that a legal holiday is *dies non juridicus*, they cited *Lampe v. Manning*, 38 Wis. 674; *Poor*

*v. Beatty*, 78 Me. 580; *Weil v. Geier*, 61 Wis. 414; *Gladwin v. Lewis*, 6 Conn. 49; *Phelps v. Sill*, 1 Day, 315; *In re Kindling*, 39 Wis. 58; *Matter of Graduates*, 11 Abb. Pr. 301; *People v. Gordon*, 5 Cal. 235; *People ex rel. De Fries v. Supervisors*, 10 id. 344; *Miller v. Sacramento*, 25 id. 97; *In re Cooper*, 22 N. Y. 67, 82; *Polin v. State*, 14 Neb. 546; *Farwell v. Webster*, 71 Wis. 485; *People v. Bristol & R. Turnpike Co.* 23 Wend. 227; *People v. Collins*, 19 id. 58; *Van Vechten v. Paddock*, 12 Johns. 178; *State v. Green*, 37 Mo. 466; *Oaks v. Rodgers*, 48 Cal. 197.

The following opinion was filed January 28, 1890:

CASSODAY, J.   The only question involved in this appeal is whether the assignment was void by reason of the execution of the bond, the approval thereof by the commissioner, and the filing of the same, with a copy of the assignment, as stated, on May 30, 1888.   The portion of the statute which here requires special consideration reads: "No *court* shall be opened or transact any business   .   .   .   on any legal holiday, unless it be for the purpose of instructing or discharging a jury, or of receiving a verdict and rendering a judgment thereon."   Sec. 2576, R. S., as amended by subd. 19, sec. 2, ch. 194, Laws of 1879, and ch. 142, Laws of 1885.   The 30th day of May, 1888, was a legal holiday. Sec. 2577, R. S.   Of course there could be no valid assignment against the plaintiff as a creditor of the assignors, without the giving and filing of the requisite bond, duly approved by the court commissioner taking the same.   Sec. 1694, R. S.   It is conceded that this section of the statute was in every respect complied with, unless the commissioner was prohibited from approving the bond, or doing the other acts named in the foregoing statement, by the provision of the statute above quoted.

The argument is, that "the circuit court, or the judge thereof in vacation," had "supervision of the proceedings

A. G. Spalding & Bros. vs. Bernhard.

in all voluntary assignments made under the provisions of "
ch. 80, R. S., and could "make all necessary orders for the
execution of the same;" and that the court commissioner
had authority to "exercise within his county the powers of
a circuit judge at chambers, in any civil action pending"
therein; and hence that his approval of the bond was a
judicial act, prohibited by the statutory provision quoted.
The "supervision of *the proceedings*" in such voluntary
assignments, and the making of "orders for the execution
of the same," manifestly presuppose a completed assign-
ment, with the requisite bond filed as required by the
statute.    Assuming that the approval of the bond by the
commissioner was a judicial act, still it would be an abuse
of language to say that it was the transaction of any busi-
ness by a *court*.    The statute simply prohibits any *court*
from being open or transacting any business on any legal
holiday, except as stated *supra*.    The action of the com-
missioner in question was not the transaction of any busi-
ness by any court, much less an act of the court in open
court.    To extend the statute beyond its language, plainly
expressed, and apply it to the action of a mere court com-
missioner, or even of a judge at chambers, would be an
attempt at judicial legislation entirely unauthorized.

There are numerous cases in the books holding, in effect,
that no act will be held illegal merely by reason of being
performed on such legal holiday, unless forbidden by stat-
ute.    In New Jersey they have a statute prohibiting the
holding of court or the exacting of compulsory labor on
legal holidays.    The language of their court, in a late case,
is so apposite to the case at bar that we quote: "The his-
tory of the common law and of legislation with respect to
Sunday clearly indicates that it owes its exceptional posi-
tion to a general sense of its sacred character as a holy day.
To no other day — although many account other days holy —
has a like distinction been accorded.    When we compare

the course of the common law and legislation respecting Sunday with the statute now before us, a different treatment is observable. Although some of the days named are accounted holy by many, while others are national anniversaries or days when public duties are enjoined on citizens, yet there has been enacted no prohibition against the pursuit of any business or pleasure. There is no express prohibition against the service of the process of the courts. . . . The statutory declaration that these days shall be legal holidays does not indicate an intent to assimilate their *status* to that of Sunday. 'Holiday,' in its present conventional meaning, is scarcely applicable to Sunday. *Phillips v. Innes*, 4 Clark & F. 234. It is applicable to all and has long been applied to some of the days named. When the statute declares them to be legal holidays, it does not permit a reference to the legal *status* of Sunday to discover its meaning; for it proceeds to interpret the phrase, so far as it is prohibitory, by an express enactment declaring what shall not be done thereon. What it thus expresses is prohibited; what it fails to prohibit remains lawful to be done. The plain intent of the statute, therefore, is to free all persons, upon the days named, from compulsory labor and from compulsory attendance upon courts as officers, suitors, or witnesses. Its true interpretation will limit the prohibition, with respect to the courts, to such actual sessions thereof as would require such attendance." *Glenn v. Eddy*, 51 N. J. Law, 255. Accordingly it was held in that case that a summons might be legally issued, tested, and served on such legal holiday. To the same effect is *Smith v. Ihling*, 47 Mich. 614.

In Oregon it has recently been held that although the service of process issued from a court upon a legal holiday was irregular and might be set aside, yet that the service of notice of a contested election on that day was valid. *Whitney v. Blackburn*, 17 Oreg. 564. In a case arising in

this state under our statute, Judge DRUMMOND held that, "In the absence of prohibitory legislation by the state, the docketing of a transcript of judgment on a holiday is not void, but will confer a valid lien upon the real estate of the debtor in the county where it is filed." *In re Worthington*, 16 N. B. R. 54. In that case the learned judge distinguishes *Lampe v. Manning*, 38 Wis. 673, in which the cause was tried and the judgment rendered on a legal holiday, and said: "At common law, Sunday was deemed a non-juridical day, during which no courts could transact any business or render any decree. Of course, at common law, some of the days which, under our practice, are deemed non-juridicial, were unknown as such; and when they are so declared the inference would be that *the prohibition extends no further than is named in the statute.*" This is in harmony with the language quoted from the New Jersey court, and there is nothing in our decisions in conflict with it. On the contrary, it has been held that our statute "does not prohibit a justice of the peace from issuing a summons on such a holiday" ( *Weil v. Geier*, 61 Wis. 414); nor " render inadmissible in evidence a deposition taken in another state on a day made a legal holiday in this state." *Green v. Walker*, 73 Wis. 548.

We must hold that the approval of the bond in question by the court commissioner, assuming it to have been a judicial act, was, nevertheless, valid, and hence that the assignment was improperly held void for that reason.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

A motion for a rehearing was denied April 8, 1890.