### JOHN V. FARWELL CO. *v.* MATHEIS *et al.*

*(Circuit Court, D. Minnesota, Third Division. December 10, 1891.)*

STATUTES—ENACTMENT AND APPROVAL—"SESSION" OF LEGISLATURE DEFINED.

Const. Minn. art. 4, § 11, providing that within three days after the adjournment of the legislature the governor may approve, sign, and file in the office of the secretary of state "any act passed during the last three days of the session, and the same shall become law," means the last three days of sitting for business, and does not include Sunday; and hence a bill passed on Saturday was within the provision, though the adjournment did not occur until the following Tuesday.

At Law. Action by the John V. Farwell Company against John Matheis, and Theodore Draz, garnishee. On motion to discharge the garnishee. Granted.

*Edward P. Sanborn*, for garnishee.

*Howard L. Smith* and *Lusk, Bunn & Hadley*, opposed.

NELSON, J. The defendant, Matheis, made an assignment under the insolvent laws of the state of Minnesota to Theodore Draz, assignee. The plaintiff seeks to reach by garnishment proceedings the property held under the assignment; and the assignee, setting up the facts of the assignment, and the possession of the property, and presenting the deed

thereof, asks to be discharged. It is claimed that the deed of assignment is void for the reason, among others, that chapter 30, Laws Minn. 1889, authorizing a statutory assignment, never became a law, and ought not to be in the statute book. It appears from the official records that chapter 30 was house file 1,318, and that after having passed the house it was received in the senate and passed Saturday, April 20, 1889. The legislature adjourned April 23d, Tuesday, and the same day the governor indorsed upon the bill the words, "Approved April 23, 1889," and filed it with the secretary of state, April 25th, two days after the adjournment of the legislature. The last clause of section 11, art. 4, of the constitution of the state of Minnesota, declares that "the governor may approve, sign, and file in the office of the secretary of state, within three days after the adjournment of the legislature, any act passed during the last three days of the session, and the same shall become a law." This act did become a law unless Sunday is counted as one of the three days of the session, within the meaning of this provision of section 11, art. 4.

The correct construction of this clause depends upon the definition of the word "session" as therein used. The prime definition of this word, when applied to a legislative body, is the actual sitting of the members of such body for the transaction of business. It also may be used to denote the term during which the legislature meet daily for business, and also the space of time between the first meeting and the adjournment. The context affords the light for determining the meaning of the word "session" when used in the constitution. In section 19, art. 4, the meaning of the word "sessions" is manifest: "Each house shall be open to the public during the sessions thereof, except in such cases as in their opinion may require secrecy." "Session" here means the actual assembly of the members for business. Section 1, art. 4, fixes the limit of the session of the legislature. The context shows that the word "session" is here used to denote the space of time between the meeting and the adjournment of the legislature. In section 11, art. 4, which relates to the passage of bills by the two houses of the legislature, and the formalities necessary to enact laws, the context determines the meaning of the word "session" to be the actual sitting of the members of the legislature. Such construction of the constitution is in accordance with its true spirit and intent to carry into effect the will of an enlightened people by whom it was adopted. Sunday is non dies for work, even in a legislature; and, if business is ever transacted on Sunday, no record of it is kept as being performed on that day. The "last three days of the session," in section 11, means working days, when the legislature is in actual session for the transaction of business. The journals of the two houses show this. It appears from them that Saturday, April 20, 1889, when chapter 30 passed the senate, was the seventy-eighth day of the session, and that the legislature adjourned on Tuesday, April 23, 1889, the eightieth day of the session, Sunday not being a day of the session. In my opinion, chapter 30 was duly passed and approved by the governor in time, and became a law. It is unnecessary to consider the other questions presented. The garnishee is discharged, and it is so ordered.