[S. F. No. 5927. In Bank.—September 18, 1911.]

J. H. PARKINSON, as Executor of the Will of James Tuohy, Deceased, Petitioner, v. HIRAM W. JOHNSON, as Governor of the State of California, Respondent.

CONSTITUTIONAL LAW—BILL VETOED BY GOVERNOR—DATE OF RETURN TO LEGISLATURE—ENTRY IN JOURNAL.—There is no provision either constitutional or statutory requiring any record to be kept in the office of the governor of the state respecting bills returned by him to the legislature with his veto thereof, or requiring any record to be made of the date of the return of such bills; nor is there any provision which requires any officer of either house of the legislature to make any notation or entry upon a bill returned by the governor as to the date or time when it was returned to the house with his

objections thereto, or requiring any entry on the journals of either house respecting the return save what is required by section 16 of article IV of the constitution.

ID.—MANNER IN WHICH A BILL BECOMES A LAW.—There are three ways in which a bill can become a law—by the signature of the governor after its passage by the legislature; by the governor retaining a bill without signing it for ten days (Sundays excepted) after its delivery to him and his causing a certificate of the fact to be made on the bill by the secretary of state and the bill deposited with the laws in the office of said secretary; or by the passage of a bill over the veto of the governor.

ID.—CONCLUSIVE EVIDENCE OF ENACTMENT OF STATUTE.—In all these cases if the act is properly enrolled, authenticated, and deposited in the office of the secretary of state it is conclusive evidence of the legislative will and courts will not look into the journals of the legislature or permit any other evidence to be submitted to determine whether or how a bill passed.

ID.—ENTRIES IN JOURNALS OF LEGISLATURE WHEN CONCLUSIVE.—Entries in the journals of the houses of the legislature are conclusive as to matters which are actually recited therein, only when such matters are specifically required to be entered in those journals.

ID.—DATE OF RETURN OF BILL—RECITAL OF READING OF MESSAGE FROM GOVERNOR.—A recital in the journal of the assembly, of a particular date, to the effect that "the following messages from the governor were received and read," followed by a copy of his objections contained in his veto message accompanying a bill, and the date of the message, only shows that the message was read to the assembly on the date of the journal entry, and is not a recital that it was returned by the governor on that date.

ID.—RECITAL OF DATE OF RETURN NOT CONCLUSIVE—DATE OF RETURN NEED NOT BE ENTERED IN JOURNAL.—A recital in the journal of the assembly that a bill vetoed by the governor was returned on a particular day is not conclusive as to the date of its return, for the reason that there is no provision of law requiring an entry in the journal of either house of the legislature of the time when a bill with his objections is returned by the governor. There is nothing in section 16 of article IV of the constitution, providing that the governor shall return all bills disapproved by him within ten days (Sundays excepted), after he receives them, which requires that any entry shall be made in the journal respecting the time when a bill is returned by the governor.

ID.—PROCEEDING OF LEGISLATURE—RETURN OF BILL NOT A PART OF.—The return of a bill by the governor without his approval is not a proceeding of either house of the legislature, within the meaning of section 10 of article IV of the constitution, requiring that each house shall keep a journal of its proceedings.

Id.—Evidence of Date of Return of Bill.—Where the date on which
a bill was returned by the governor with his disapproval is dis-
puted, evidence outside of entries in the journal of the house of the
legislature to which it was returned is admissible to establish that
fact.

APPLICATION for a Writ of Mandate directed to the
Governor of the State of California.

The facts are stated in the opinion of the court.

R. Platnauer, for Petitioner.

U. S. Webb, Attorney-General, and R. C. Van Fleet, Deputy
Attorney-General, for Respondent.

LORIGAN, J.—This is a petition for a writ of *mandamus*
to be directed to the respondent, as governor of the state of
California, commanding him to cause assembly bill No. 208,
passed by both houses of the last session of the legislature, to
be certified by the secretary of state as a statute of the state.

The following facts are alleged in the petition: that during
the last session of the legislature there originated in the as-
sembly a certain bill known as assembly bill No. 208, entitled,
"An act to authorize the personal representatives of James
Tuohy, deceased, to bring suit against the state of California";
that on February 16, 1911, said assembly bill passed the as-
sembly of the state of California, and on March 6, 1911, said
bill passed the senate of said state; that on March 11, 1911,
said assembly bill was presented to and received by respondent
as governor of the state of California for his consideration
as such governor, at which time said bill had been and was
properly enrolled and authenticated as prescribed by law;
that said assembly bill has not been approved by respondent
and was not returned by him to the assembly of the state of
California within ten days (excluding Sundays) after said
eleventh day of March, 1911; that said bill was not returned
by respondent to the assembly until March 24, 1911, on which
date it was returned to it by respondent with his objections,
and said objections were thereupon and on said March 24,
1911, entered upon the journal of the assembly; that the said
journal of the assembly of said March 24, 1911, contains the
following entry.

"Messages from the Governor.

"The following messages from the Governor were received and read.

" 'SACRAMENTO, CAL. March 23, 1911

" 'To the Assembly of the State of California:

" 'I return you herewith without my approval Assembly Bill No. 208 entitled, "An act to authorize the personal representatives of James Tuohy, deceased, to bring suit against the state of California." (Here follow the objections stated by the respondent for declining to approve the bill.) For the reasons given I have vetoed the bill.

" 'Respectfully submitted,

" 'HIRAM W. JOHNSON,

" 'Governor of California.' "

That there is no other or different entry of any objections of the respondent to said assembly bill in the journal of the said assembly; that petitioner has demanded of respondent that, as governor, he cause the secretary of state of California to certify on said assembly bill the fact that said bill was not returned by the governor within ten days (Sundays excepted) after its receipt by him, and that said assembly bill became a law.

Upon these alleged facts the petitioner asks for a mandate to respondent commanding him to cause the fact to be certified on the bill, by the secretary of state, as provided by section 1313 of the Political Code, that said assembly bill had remained with the governor ten days (Sundays excepted) and had therefore become a law.

The answer of respondent to the petition admits all the allegations contained therein excepting those relating to his alleged failure to return the bill to the assembly within ten days (Sundays excepted) after it was presented to him, or that the bill was not returned until March 24, 1911.

These particular allegations are denied, and as a separate answer respondent alleges that the assembly bill in question was received at the office of the governor and receipted for by his private secretary on March 11, 1911; that said bill was returned by said private secretary personally to the assembly within ten days (Sundays excepted) thereafter, to wit, on the afternoon of March 23, 1911, with the message from the governor (referred to in the petition) vetoing it; that at the time

said bill was returned—on March 23, 1911—the assembly was in regular session; that said private secretary was duly recognized by the presiding officer of the assembly, and announced that he was delivering to it a message from the governor, and delivered said message with said bill to the proper officer of the said assembly.

A demurrer to the answer was interposed by the petitioner and the matter is before us after argument on the demurrer and the submission thereof.

The constitution, section 10 of article IV, provides that "each house shall keep a journal of its proceedings, and publish the same; and the yeas and nays of the members of either house, on any question, shall, at the desire of any three members present, be entered on the journal."

Section 16 of article IV of the same constitution provides that "every bill which may have passed the legislature shall before it becomes a law be presented to the governor. If he approve it he shall sign it; but if not, he shall return it, with his objections, to the house in which it originated, which shall enter such objections upon the journal and proceed to reconsider it. If after such reconsideration, it again pass both houses . . . it shall become a law, notwithstanding the governor's objections. If any bill shall not be returned within ten days after it shall have been presented to him (Sundays excepted) the same shall become a law in like manner as if he had signed it, unless the legislature, by adjournment'' etc.

These are the only sections of the constitution having any bearing on the question involved here. There is no provision either constitutional or statutory requiring any record to be kept in the office of the governor respecting bills returned by him to the legislature with his veto thereof; nothing requiring any record to be made of the date of the return of such bills; nor is there any provision which requires any officer of either house of the legislature to make any notation or entry upon a bill returned by the governor as to the date or time when it was returned to the house with his objections thereto, or requiring any entry on the journals of either house respecting the return save what is required by section 16 of the constitution above quoted.

There are three ways in which a bill can become a law—by the signature of the governor after its passage by the legis-

lature; by the governor retaining a bill without signing it for ten days (Sundays excepted) after its delivery to him and his causing a certificate of the fact to be made on the bill by the secretary of state and the bill deposited with the laws in the office of said secretary; or by the passage of a bill over the veto of the governor. In all these cases if the act is properly enrolled, authenticated, and deposited in the office of the secretary of state, it is conclusive evidence of the legislative will and courts will not look into the journals of the legislature or permit any other evidence to be submitted to determine whether or how a bill passed. (*People* v. *Burt,* 43 Cal. 560; *Yolo County* v. *Colgan,* 132 Cal. 265, [84 Am. St. Rep. 41, 64 Pac. 403]; *People* v. *Harlan,* 133 Cal. 16, [65 Pac. 9].) So that as to all bills upon which there has been favorable action, due enrollment, authentication, and deposit in the office of the secretary of state of such bill is conclusive evidence of the legislative will.

The bill in question here is not found in the office of the secretary of state authenticated as a law of this state. The petitioner, however, seeks to have the respondent compelled to deposit it there with the authentication of the secretary of state thereon as evidence that it had become a law under section 16 of the constitution through the failure of the governor to return it to the assembly where it originated with his objections thereto within ten days after its presentation to him.

In the absence of such deposit and authentication the position of petitioner in this proceeding is that the entry in the journal of the assembly (which respondent admits in his answer is correctly set forth) shows that the bill was not returned by the governor to the assembly until more than ten days (Sundays excepted) after it had been presented to him; that the journal entry is conclusive evidence of this fact and that parol testimony or extraneous evidence cannot be received to dispute, contradict, or vary such recital; that the facts set forth in the answer constitute an attempt on the part of the respondent to contradict by parol evidence the recital of the assembly journal which under the rule contended for by petitioner he insists may not be done and that the demurrer to the answer for these reasons should be sustained.

This is the only point presented on the demurrer and in our

judgment it does not require extended discussion because conceding for present purposes that the position of petitioner is correct—that entries in the assembly journals are conclusive as to matters contained therein—they can only be conclusive as to matters which are actually recited therein and which are specifically required to be entered in those journals.

Now when we come to consider the entry in the journal upon which the petitioner relies and the provisions of section 16 of article IV of the constitution, which is the only section that directs specially what shall be entered in the assembly records when a bill is returned by the governor with his objections thereto, we find that the journal in fact contains no entry or recital of the time when the bill was returned by the governor to the assembly, and further that neither the section of the constitution referred to nor any other section requires any such entry.

All that the assembly journal of March 24, 1911, contains respecting the bill here in question is a recital that "the following messages from the governor were received and read," followed by a *verbatim* copy of the objections contained in the veto message accompanying the bill in question here, and the date of the message—March 23, 1911.

This entry only shows that the message was read to the assembly on the twenty-fourth day of March. The fact that it was returned by the governor on that date, or any other date, is nowhere stated in the journal. It is silent on that subject.

But even if the journal entry could be considered as amounting to a recital that the bill accompanied by the objections of the governor was returned by him to the assembly on the twenty-fourth because it is referred to in the journal of the proceedings of the assembly of that date, such recital would not be conclusive upon the matter.

In order to make the journal entries conclusive there must be some provision of the law which requires such entries to be made therein, and as far as making an entry in the journal, as of the time when a bill with his objections is returned to either house of the legislature by the governor, there is no such provision. There are only two pertinent sections of the constitution respecting journal entries involved here, section 10 and section 16 of article IV. Section 10 requires that each house shall keep a journal of "its proceedings" and the return

of a bill without his approval by the governor is not a proceeding of either house of the legislature, so there is nothing in this section referred to which requires such entry. In fact, petitioner does not claim that it does. He relies particularly on section 16, but an examination of that section will show there is nothing contained in it requiring any such entry.

Under our constitution the governor is a component part of the law-making power of the state. To him all bills must be submitted for action before becoming laws, and all that section 16 requires (as far as pertinent here) in discharge of his duty as a part of the legislative branch of the government with respect to such bills is, that if he disapproves any of them he must return it to either house within ten days (Sundays excepted) after he receives it, with his objections. When this is done the duty of the governor is discharged and the duty to be performed by the house where the bill originated and to which it is returned, arises, and that duty is simply to enter the objections of the executive upon the journal and proceed to consider the bill. There is not a word in the section which requires that any entry shall be made in the journal respecting the time when the bill is returned by the governor.

And we would hardly expect to find a provision requiring such an entry and to which the conclusive evidence rule would apply; the effect of such a provision would be to make inadvertent and erroneous recitals in the journal of one branch of the legislative power control the action of the executive as another branch thereof, and by such recitals defeat the veto power constitutionally vested in the latter, and which he had in due time properly exercised.

As all acts of the legislature receiving favorable consideration are enrolled, authenticated, and deposited with the secretary of state, and when this is properly done are conclusive evidence of the legislative will, it is only in extremely rare cases that it will become necessary to resort elsewhere to ascertain whether an act not so found in the office of the secretary of state did in fact become a law. This is one of these rare cases, where the journals of the assembly are resorted to under a claim that there are recitals therein which are conclusive evidence that the governor failed to return the bill in question with his veto thereof within the time allowed by the constitution, and hence it became a law. But, as we have pointed out,

there is no provision in the constitution which requires any such entry of the date of return to be set forth in the journal of the assembly, and in fact it contains no such entry. If it did it would not be conclusive, because the conclusive evidence rule can only apply to such entries as are constitutionally required to be set out in the journal.

On the hearing of this demurrer it was admitted by petitioner, while insisting on the conclusiveness of the record, that he could not question the truth of the fact set forth in the answer respecting the return of the bill by the governor on March 23d, as stated therein.

The demurrer to the answer is overruled, and as the facts set forth in the answer are in effect admitted to be true by petitioner, it is not necessary to proceed further in this matter, and therefore the petition for a peremptory writ of mandate is dismissed.

Angellotti, J., Shaw, J., Henshaw, J., Sloss, J., and Melvin, J., concurred.