## City of Chicago, Defendant in Error, v. Attilio Braggio, Plaintiff in Error.

### Gen. No. 20,226.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed May 21, 1914. Rehearing denied June 3, 1914. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Motion by City of Chicago to strike from the record the statement of facts filed by Attilio Braggio on an appeal from a judgment of the Municipal Court. It appeared from the transcript of the record that the action was brought to recover a penalty for the violation of an ordinance of the City of Chicago forbidding the sale of cigarettes to minors, that personal service was had upon the defendant, that a verdict was returned finding the defendant guilty and assessing a fine of twenty-five dollars, that a judgment was entered on the verdict on January 13, 1914, and that on February 13, 1914 the judge, before whom the case was tried, signed and placed on file a correct statement of facts.

CAIROLI GIGLIOTTI, for plaintiff in error.

W. H. SEXTON and J. S. McINERNEY, for defendant in error.

PER CURIAM.

Delta & Pine Land Co. v. Sherwood et al., 187 Ill. App. 167.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*when statement of facts may be stricken.* On writ of error to reverse a judgment of the Municipal Court, the statement of facts may be stricken from the record on motion of the defendant in error, where the record does not show that application for such statement was made within thirty days after the entry of the judgment and it affirmatively appears that the statement was not signed by the judge or placed on file by him until thirty-one days after the judgment was entered.

2. MUNICIPAL COURT OF CHICAGO, § 26*—*computation of time for making application for statement of facts.* Where the thirty days allowed by section 23 of the Municipal Court Act, J. & A. ¶ 3335, within which to make application for a statement of facts, expires on Lincoln's birthday, such day must be included in the computation where it does not fall on Sunday.

3. TIME, § 1*—*when Lincoln's birthday is not to be excluded in computing time.* Section 1, ch. 131, Hurd's R. S., J. & A. ¶ 11102, providing that "the time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday, then it also shall be excluded," does not permit Lincoln's birthday to be excluded as a last day unless it falls on Sunday, since the statute making that day a holiday has reference only to negotiable instruments.