STATE EX REL. FRANK E. PUTNAM AND OTHERS v.
MIKE HOLM AND OTHERS.[1]

July 8, 1927.

No. 26,334.

**Computation of time within which governor may veto a bill passed by the legislature.**

In construing art. 4, § 11, of the constitution of Minnesota, in reference to the time and manner in which the governor may return a bill with his objections thereto, i. e. effectually veto a measure, *held*:

(1) In computing the three-day period in which a bill is to be returned, Sunday—not holidays—is the only day to be excluded; and

(2) The requirement that the bill shall be returned to the house in which it shall have originated does not mean that it must be returned while such house is in session, but the return may be made to the presiding officer, secretary (or clerk), or to any member of such house.

Constitutional Law, 12 C. J. p. 707 n. 34.
Statutes, 36 Cyc. p. 962 n. 53.
Time, 38 Cyc. p. 329 n. 43.

See 25 R. C. L. pp. 890, 892.

Mandamus in the district court for Ramsey county tried before Stanton, J. There was judgment for the respondents, from which the relators appealed. Reversed.

*Catherwood, Hughes & Alderson, Edward P. Sanborn, Leonard, Street & Deinard, O'Brien, Horn & Stringer, Shearer, Byard & Trogner, Doherty, Rumble, Bunn & Butler, Washburn, Bailey & Mitchell, Kingman, Cross, Morley & Cant,* and *Richard L. Tighe,* for relators.

*Clifford L. Hilton,* Attorney General, *Charles E. Phillips* and *Albert F. Pratt,* Assistant Attorneys General, for respondents.

[1] Reported in 215 N. W. 200.

Wilson, C. J.

This is an appeal from a judgment quashing and dismissing an alternative writ of mandamus issued in a proceeding to have the respondents, who are state officials, authenticate and promulgate senate file No. 137, which was a bill in the 1927 legislature relating to the salary of district judges. The bill passed both houses and was presented to the governor on Wednesday, April 13, 1927. On April 18, 1927, the governor returned it, with his written objections, to the lieutenant governor while presiding over the senate.

April 15 was Good Friday, which is a legal holiday in this state. April 17 was Sunday. The senate adjourned from Thursday afternoon, April 14, until Monday morning, April 18.

1. Article 4, § 11, of our state constitution, limiting the time in which the governor may veto a bill, in part reads:

"If any bill shall not be returned by the governor within three days (Sundays excepted) after it shall have been presented to him, the same shall be a law in like manner as if he had signed it, unless the legislature, by adjournment within that time, prevents its return; in which case it shall not be a law. The governor may approve, sign, and file in the office of the secretary of state, within three days after the adjournment of the legislature, any act passed during the last three days of the session, and the same shall become a law."

This action is prosecuted upon the theory that the language of the constitution is plain and that Sunday is the only day to be excluded in computing the "three-day" period. Respondents claim that in construing this language legal holidays must be excluded in such computation. If so, the return was timely and the bill is dead; otherwise it became a valid law at midnight on Saturday. There is no doubt that the time must be computed by excluding Wednesday, the day the bill was presented to the governor, and by including Saturday, the third day thereafter, unless an intervening day is to be excluded.

Respondents claim that the constitution does not define the word "days" and that the rule of "expressio unius est exclusio alterius"

has no application because at the time of the adoption of the constitution we had no holidays. They concede the distinction between holidays and Sunday. They point to the fact that a state policy has been established that no public business shall be transacted on legal holidays and it is claimed that this leads to the conclusion that we should now construe the "three days" as meaning "three working days."

In Stinson v. Smith, 8 Minn. 326 (366), the court said:

"Construing the last clause of the section above quoted [which is the same as we have quoted], according to its strict letter, we should probably be required to hold the act in question void, as not having been signed and filed within the prescribed time. We are satisfied, however, that the intent and spirit of the instrument require a different construction; and that the purpose of the framers of the constitution was to give the governor three full working days, after the adjournment, for the consideration and filing of bills. Such time is expressly granted during the session of the legislature; and as the clauses occur in close connection, treating of the same subject matter, it does not seem unreasonable to hold that the exception of Sunday applies to the latter, although not repeated in terms. If it was thought proper to grant the executive three full working days for the consideration of bills during the session of the legislature, it is difficult to see why the same time should not be granted for the same purpose after the adjournment of that body."

There is nothing to indicate that the court had in mind the question of holidays. It was dealing with Sundays and reached its conclusion not because of the reason tendered us by respondents but because of the presence of "(Sundays excepted)" in the preceding sentence.

In People ex rel. Akin v. Rose, 167 Ill. 147, 47 N. E. 547, the language and question were substantially the same as in the Stinson case, and the court said [p. 149]: "The paragraph consists of a single sentence, in the first clause, of which use is made of the

words 'within ten days,' followed by the further words, 'Sundays excepted,' in parentheses. The words 'within ten days,' used in the last clause of the sentence, must be given the same meaning as indicated by their use in the first clause, and will be held to mean within ten days of such adjournment exclusive of Sundays."

In both cases it was quite natural to conclude that it was the intention that the governor should have the same time for the second duty which he was expressly given in the first—both calling for substantially and practically an identical service.

In John V. Farwell Co. v. Matheis (C. C.) 48 F. 363, the court had under consideration the same language as in the Stinson case, and said "the last three days of the session" means working days to the exclusion of Sunday. Holidays were not involved.

In State ex rel. State Pharm. Assn. v. Michel, 52 La Ann. 936, 27 So. 565, 49 L. R. A. 218, 78 A. S. R. 364, we find the Louisiana constitution provides that a bill must be returned "within five days." The conclusion of the court that Sundays were to be excluded from the "five days" was based in part upon a preceding state policy of the law toward Sundays and holidays.

The authorities mentioned relate to the construction of the second sentence quoted from the constitution. The spirit and expressed language of the preceding sentence dictate the construction of the second. But we are here construing the first sentence as if it stood alone. There is an important distinction between Sunday, the Lord's Day, and a secular holiday, even though the legislature by laws has established the policy of not transacting public business other than necessary on such days. Malmgren v. Phinney, 50 Minn. 457, 52 N. W. 915, 18 L. R. A. 753; Glenn v. Eddy, 51 N. J. L. 255, 17 A. 145, 14 A. S. R. 684; Page v. Shainwald, 169 N. Y. 246, 62 N. E. 356, 57 L. R. A. 173; A. G. Spalding & Bros. v. Bernhard, 76 Wis. 368, 44 N. W. 643, 7 L. R. A. 423, 20 A. S. R. 75; Latta v. Catawba Elec. Co. 146 N. C. 285, 59 S. E. 1028; 25 R. C. L. 1413; State v. Duncan, 118 La. 702, 43 So. 283, 10 L.R.A.(N.S.) 791, 11 Ann. Cas. 557; Crabtree v. Whiteselle, 65 Tex. 111, 113.

It is doubtful if the rule of expressio unius est exclusio alterius is to be applied with the same rigor in construing a constitutional limitation as a statute. It may very well be argued that the distinguished statesmen in our constitutional convention must have contemplated the creation of legal holidays in this commonwealth as had been done in their native states. But, that aside, we are interested in reaching the viewpoint of the framers of our fundamental law. Their intent, gathered from both the letter and spirit of the language, is the law. Unambiguous words need no interpretation. How can there be any doubt as to the meaning of such words: "three days (Sundays excepted)"? We are not empowered to say that these men meant something they did not say. Their failure to include "and holidays" cannot be construed to mean that they impliedly included them. We are not at liberty to give the language of the constitution any meaning other than its natural and ordinary meaning unless such construction would lead to an unjust or otherwise unreasonable result manifestly not intended. The constitution is the mandate of the sovereign power, and we must accept its clear language as it reads. Cooke v. Iverson, 108 Minn. 388, 397, 122 N. W. 251, 52 L.R.A.(N.S.) 415. It is our duty to construe the law; we cannot ingraft upon the constitution things that might have been included. Szroka v. N. W. Bell Tel. Co. 171 Minn. 57, 213 N. W. 557.

In Richter v. C. & E. R. Co. 273 Ill. 625, 113 N. E. 153, the statutory rule, that the first day is to be excluded and the last included, unless it falls on Sunday, when it shall be excluded, was stated and it was held that the statute did not exclude the last day falling on a holiday unless such holiday also fell on a Sunday.

In English v. Dickey, 128 Ind. 174, 27 N. E. 495, 13 L. R. A. 40, a statute providing a limitation of 20 days was construed as including intervening Sundays.

In Howeisen v. Chapman, 195 Ind. 381, 145 N. E. 487, the court construed "upon the making of such report to the court ten (10) days, exclusive of the day of filing such report and Sundays, shall be allowed * * * to remonstrate against the report." The court

held that, since the statute specified Sundays but not other holidays, only Sundays were to be excluded in computing time. To the same effect was the holding in Board of Co. Commrs. v. Tincher Motor Car Co. 49 Ind. App. 221, 97 N. E. 22.

The common law rule is that when the time within which an act is to be done exceeds a week an intervening Sunday is included in the computation, but if the time limit is less than a week, such intervening Sunday is excluded. This rule does not apply in the face of G. S. 1923, § 10933, subd. 21, which says the first day shall be excluded and the last included, unless the last day shall fall on a Sunday or on a holiday, in which case the prescribed time shall be extended so as to include the first business day thereafter. A. T. & S. F. Ry. Co. v. Solorzano, 21 N. M. 503, 156 P. 242, Ann. Cas. 1917E, 950; Svea Ins. Co. v. McFarland, 7 Ariz. 131, 60 P. 936; Van Laer v. Kansas T. B. Works, 56 Kan. 545, 43 P. 1134.

Holidays cannot be ingrafted by the courts upon statutes limiting the time for the doing of an act. C. M. & St. P. Ry. Co. v. Nield, 16 S. D. 370, 92 N. W. 1069; Oberer v. State, 28 Ohio Cir. Ct. 620, 623; St. Clair v. Conlon, 12 App. D. C. 161, 162; City of Chicago v. Braggio, 187 Ill. App. 166; O. K. Realty Co. v. John A. Juliani, Inc. 157 La. 277, 102 So. 399; Hendren v. Crescent City S. & M. W. Co. Inc. 1 La. App. 25; Wood v. State, 12 Ga. App. 651, 78 S. E. 140; Covey v. Williamson, 52 App. D. C. 289, 286 F. 459; Meyer v. Hot Springs Imp. Co. (C. C. A.) 169 F. 628; Johnson v. Meyers (C. C. A.) 54 F. 417; Siegelschiffer v. Penn Mut. L. Ins. Co. (C. C. A.) 248 F. 226; Blaffer v. New Orleans W. S. Co. (C. C. A.) 160 F. 389. Neither can they be ingrafted upon the constitution. Nor can the legislature by establishing legal holidays require the courts to construe the constitution as though the words "and holidays" followed the word "Sundays," for that would amount to an amendment to the constitution by act of the legislature.

It has been suggested that the contentions of respondents find support in the doctrine of practical construction resulting from the way the legislature and state officials have construed the word "days." This rests exclusively upon acts in and since 1917. But

in 1887 art. 4, § 1, of our constitution, was amended to limit the session to 90 "legislative days." This is the basis of most of the official acts which are now offered for the claim of practical construction. They cannot be said to reach the vital point of the present controversy. Nor is there any necessity to resort to the doctrine of practical construction to ascertain the meaning of plain, clear and convincing words which in the last analysis is simple English. It is not affected with uncertainty. There is little opportunity for construction because this language is such that it has a definite, ordinary, popular meaning and is free from doubt. The ingenious argument advanced by able counsel, if followed, would lead to a judicial amendment to the constitution. The authorities do not support the respondents. We hold that holidays are not excluded from the three-day constitutional limitation here involved.

2. An adjournment which "prevents its return" and works a "pocket veto" of a bill is a final or sine die adjournment of the legislative session. Opinion of Justices, 45 N. H. 607; Harpending v. Haight, 39 Cal. 189, 2 Am. R. 432; Corwin v. Comptroller General, 6 S. C. 390; Hequembourg v. City of Dunkirk, 49 Hun, 550, 2 N. Y. S. 447; Miller v. Hurford, 11 Neb. 377, 9 N. W. 477; State ex rel. State Pharm. Assn. v. Michel, 52 La. Ann. 936, 49 L. R. A. 218, 78 A. S. R. 364; Johnson City v. Tenn. E. Elec. Co. 133 Tenn. 632, 182 S. W. 587; 26 Am. & Eng. Enc. Law (2 ed.) 551; Opinion of Justices, 3 Mass. 567; Am. Bar Assn. Jour. (May, 1927) 264. But art. 4, § 11, of the constitution provides, if the governor does not approve a bill, "he shall return it, with his objections, to the house in which it shall have originated."

Respondents contend that the word "house" means the organization in actual session, and that the return must be made to the organized body in session. It would follow that the three days for returning the bill, when the particular body is not in session on the third day, does not expire until an opportunity is thereafter afforded to make a return to the body in session. In support of this theory our attention is called to State ex rel. Crenshaw v. Joseph, 175 Ala. 579, 57 So. 942; State ex rel. Corbett v. Town of South

Norwalk, 77 Conn. 257, 58 A. 759; In re Public Utility Board, 83 N. J. L. 303, 305, 84 A. 706.

The Alabama case rests upon a specific constitutional provision of that state that "when return is prevented by recess, such bill must be returned * * * within two days after the reassembling." We have no such language in our constitution.

The language of the Illinois constitution also relieves the governor of the duty of making the return during a temporary adjournment. People v. Hatch, 33 Ill. 9, 135. The men who framed our fundamental law had before them the Illinois constitution. The absence of this language in our constitution is therefore peculiarly significant.

The Connecticut case rests solely upon practical construction extending over a period of 85 years.

The New Jersey case is not now, nor at the time it was written, in accord with the prevailing rule. It does not mention the several prior contrary decisions of other courts.

The prevailing rule is that a temporary adjournment of the legislature, or of the house in which a bill originated, does not prevent the return of the bill. Opinion of Justices, 45 N. H. 607; Harpending v. Haight, 39 Cal. 189, 2 Am. R. 432; Corwin v. Comptroller General, 6 S. C. 390; Hequembourg v. City of Dunkirk, 49 Hun, 550, 2 N. Y. S. 447; Johnson City v. Tenn. E. Elec. Co. 133 Tenn. 632, 182 S. W. 587; 2 McQuillin, Mun. Corp. § 693. The constitution contemplated temporary legislative adjournments. In art. 4, § 6, it expressly provides that neither house shall adjourn for more than three days without the consent of the other.

There is no substantial reason for a bill's being returned to the house while in actual session. It is in existence until the final adjournment regardless of whether it is in session or not. The presiding officer, secretary (or clerk), and members of either house are its authorized representatives. There is no reason why a return cannot be made to any one of them. It is the official duty of the one to whom the bill is returned promptly to report to the house when in session. Every member is the agent of the particular

house to the extent of being a proper person to whom the governor may make such return, and the place where the return is made is not important. In the instant case the secretary of the senate was in his office during office hours on Friday and Saturday, April 15 and 16. Other officials and members were present during a portion of the time. This is not a case where the return could not have been easily and effectually made.

It apparently has not been the universal practice for the governor to return bills with his objections to the house of origin while in session; but, on the contrary, he has made such returns not only when the house has not been in session but at places other than in the capitol building. Caution warns us against a construction that would bring into existence other bills, as valid laws, which have supposedly been put to death. Clearly the language of our constitution does not show that it was intended that the return of a bill with the objections of the governor could be made only while the house in which the bill originated was in open meeting with a quorum present. Nothing could be accomplished by a return of that character which would not be equally as well accomplished by the more simple procedure which we have indicated. It cannot be urged that a record made by the former method would be conclusive. Parkinson v. Johnson, 160 Cal. 756, 117 P. 1057. By analogy it is important to note that service may be made upon a city council by serving on the clerk or other officer in charge of its records. Lyons v. City of Red Wing, 76 Minn. 20, 78 N. W. 868. Respondents' theory is in substance a request for us to write into our constitution the language which Illinois, Alabama, and some other states inserted in theirs—language which the framers of our constitution saw fit to omit. We must construe it as it is written.

The language used and the authorities cited leave no room for doubt. Senate File No. 137 was not returned to the senate with the governor's objections "within three days" after it was presented to him. The attempted veto was futile and the bill is a valid law. The judgment is reversed with directions to enter judgment awarding the writ.

Reversed.