HUGH M. ALCORN, STATE'S ATTORNEY,
EX REL. JOSEPH DAWSON ET AL.
*vs.*
JOHN A. GLEASON, TOWN CLERK

Court of Common Pleas  Hartford County  File No. 41237-B

MEMORANDUM FILED OCTOBER 27, 1941.

*Isaac Nassau,* of Hartford, for the Plaintiffs.

*Vincent W. Dennis,* Corporation Counsel, and *John J. Kenney,* of Hartford, for the Defendant.

PARMELEE, J.   This action praying for a writ of man-damus came to this court on October 20, 1941, at the relation of the Union Party acting by Joseph Dawson, town chairman, and at the relation of Patrick J. DePasquale, of Hartford, praying for a writ of mandamus against John A. Gleason, Town Clerk of Hartford, who has refused to recognize and transmit to the Secretary of State within the time prescribed by law a so-called ticket of nominations for public office to be voted at the city and town election to be held in the City of Hartford on November 4, 1941, which ticket of nomina-tions certified to by Joseph Dawson as "presiding officer" of a meeting of the electors of the "Union Party" was submitted to said town clerk by said Joseph Dawson described in the complaint as town chairman of the Union Party.   A so-called ticket of nominations for public office to be voted at said city election certified to by Francis P. Coiro as "presiding officer" of a "meeting of the electors of the Union Party" was sub-mitted to said town clerk, who has recognized said ticket and has transmitted the same to the Secretary of State as pre-scribed by law and has declared his intention to place the ticket of nominations submitted by said Coiro on the voting machines for said city election.

The relief sought from the court is distinguished under two prayers for relief.   (1) That the court order the respondent, John A. Gleason, Town Clerk of the City and Town of Hart-ford "that you forthwith certify the ticket filed by said Daw-

son as the Union Party ticket, and that you do all that is required of you to place the said ticket and candidates named therein on the voting machines for the election to be held at Hartford on the First Tuesday after the First Monday of November, 1941"; (2) that the court order the respondent, John A. Gleason, Town Clerk of the City and Town of Hartford "that you remove from your records and from the voting machines the said ticket filed under the name of Union Party by the said Coiro."

"Or signify cause to the contrary to this court on or before October 23, 1941, at 10:00 A.M."

All parties appeared on October 23, 1941, at 10:00 a.m., when the motion of Thomas J. Spellacy, nominee for mayor on the so-called "Coiro" Union Party ticket to be made a party defendant was granted.

Respondent's motion for a more specific statement as to paragraph 4 of the complaint was denied, and respondent's motion to quash was denied. The respondents filed a return as on file. It was stipulated and agreed by counsel that in the interests of time, the relators should proceed first with their proofs.

For descriptive purposes the list of nominations filed by Joseph J. Dawson as "presiding officer" will be called the Dawson ticket, and the list of nominations filed by Francis P. Coiro as "presiding officer" will be called the Coiro ticket.

We shall first consider the relator's first prayer for relief, that the court order the town clerk to place the Dawson ticket and candidates named therein on the voting machines for the election to be held at Hartford on November 4, 1941.

Section 586 of the General Statutes, Revision of 1930, is the governing law relating to when nominations shall be made by all political parties or organizations of electors nominating candidates for any office. Section 586, as far as pertinent to the issues in this case, reads as follows: "All parties or organizations of electors nominating candidates for any office who are to be voted for by ballot shall make such nominations at least three weeks prior to the date of the election at which such candidates are to be voted for, and, whenever any party or political organization shall hold any convention for the nomination of candidates for office whose names are to appear

upon the ballots authorized by this chapter, except such conventions as are held for the nomination of town, city or borough officers or justices of the peace, the secretary of such convention or organization shall prepare an accurate list of the candidates nominated by such body, which list shall be certified by the chairman or presiding officer of such convention or organization, and the same shall be delivered to the secretary of the state by the chairman or secretary of such body not less than eighteen days prior to the time fixed by law for holding the election at which the candidates nominated at such convention are to be voted for. Whenever any caucus, convention or meeting shall have been held by the electors of any party or political organization for the nomination of town, city or borough·officers or justices of the peace, the secretary of such caucus, convention or meeting shall prepare an accurate list, printed or typewritten, of the nominations made at such caucus, convention or meeting, which list shall be certified to by the presiding officer of such caucus, convention or meeting and delivered to the clerk of the town, city or borough, as the case may be, for which such nominations are made, who shall verify and correct the names of candidates appearing in such list in accordance with the voting list of such town, city or borough, indorse the same as having been so verified and corrected and, at least eighteen days before the time for holding the election at which the nominees named at such convention are to be voted for, transmit the same to the secretary of the state."

When nominations are made for town, city or borough officers or justices of the peace, the statute fails to prescribe the time within which such nominations must be filed with the town clerk. He must file the verified and correct list, however, with the Secretary of State at least eighteen days before the election. Thus it is obvious that the list must be filed with him early enough to permit him to comply with the statute. However, the *filing* of the list of nominations with the town clerk is not an issue in this case. The controlling issue on this first prayer for relief is whether or not the convention or meeting held by the electors who nominated the Dawson ticket have complied with the mandate of this statute (§586) that *nominations* shall be made "at least three weeks prior to the date of the election."

The relators placed in evidence their Exhibit A, which is as follows: "Hartford, Connecticut, October 14, 1941. Mr.

John A. Gleason, Town and City Clerk, Hartford, Connecticut. Dear Sir: At a meeting of the electors of the Union Party, duly warned and held in the City of Hartford on the 14th day of October, 1941, the following persons were nominated for the offices as indicated below for the Union Party for the Town and City election to be held in this city on November 4, 1941." (Then follows a list of nominees or candidates for several offices in the City of Hartford.)

"I hereby certify that the above is a true list of candidates nominated for the offices named by the Union Party at a duly warned meeting held on the above date. Joseph J. Dawson, Presiding officer."

"Attest: Sal Cagenello, Secretary."

This document was stamped "Received, Town and City Clerk, October 14, 1941, 4:52 P.M., John A. Gleason, Hartford, Connecticut."

It is clear and undisputed that the convention or meeting of the electors which nominated the Dawson ticket was held in the City of Hartford on October 14, 1941. The City and Town elections in Hartford must be held on the first Tuesday after the first Monday of November of this year. This date falls on November 4, 1941. The statutory provision that nominations must be made "at least three weeks prior to the ....election" evidences the intention of the framers of this statute that the period should be 21 full or clear days. No other construction will give meaning to these words of the statute. *Austin, Nichols & Company, Inc. vs. Gilman,* 100 Conn. 81, 85.

The Supreme Court of this State has stated in the case of *Austin, Nichols & Company, Inc. vs. Gilman, supra,* p. 85, that "when so many 'clear days' or so many days 'at least' are given to do an act, or 'not less than' so many days must intervene, both the terminal days are excluded", citing *Gregg's Estate,* 213 Pa. St. 260, 264; *Robinson vs. Foster,* 12 Iowa 186, 190; *Endlich, Interpretation of Statutes* (1888) §391.

The last day upon which any party or organization of electors could by law make nominations for candidates to be voted for at the Town and City election to be held in Hartford on November 4, 1941, was October 13, 1941. Although this was a legal holiday, Columbus Day (Gen. Stat. [1930] §6565),

it is not to be excluded from the computation of time. The holding of a convention or political meeting on a legal holiday is not expressly prohibited by statute. *State ex rel. Putnam vs. Holm*, 172 Minn. 162, 215 N.W. 200, 54 A.L.R. 333 (*Anno. id.* 339, 342); 25 *R.C.L. Sundays and Holidays* §2.

I find that the convention or meeting of electors held in the City of Hartford on October 14, 1941, at which convention or meeting candidates were nominated (the Dawson ticket) to be voted for at the City and Town election to be held in Hartford, Connecticut, on November 4, 1941, was not held at least three weeks prior to the date of the election as required by the statutes (Gen. Stat. [1930] §586), and that the action of the town clerk, John A. Gleason, in refusing to certify and place these nominations (the Dawson ticket) on the ballot is proper and in accordance with the law. Therefore, the prayer to issue a writ of mandamus requiring John A. Gleason, Town Clerk of the City and Town of Hartford, to certify and place the so-called "Dawson ticket" on the ballot at the election to be held November 4, 1941, is denied.

As to the other prayers for relief set forth in the complaint, the court will file a further memorandum.

*See Alcorn ex rel. Dawson vs. Gleason, post,* p. 210.